Parker, J.
This is an action of covenant broken, upon covenants contained in a deed from the defendant to John Anderson, dated in the year 1801, conveying certain tenements in Wiscasset to the said Anderson, his heirs and * assigns. In July, 1802, John Anderson conveyed the same tenements to Francis Anderson, his heirs and assigns; and, in 1803, the said Francis Anderson, by his deed of bargain and sale, duly executed, acknowledged, and recorded, conveyed the same tenements to *138 Stinson, the present plaintiff, who is, therefore, the assignee of John Anderson, the first grantee, and is entitled to maintain his action upon the covenants, if any of them should be broken.
The breach alleged is, that the tenements conveyed were not, at the time of the execution of Sumner’s deed to John Anderson, free of all encumbrances, according to one of the covenants in said deed; inasmuch as Elizabeth Parsons, widow of Timothy Parsons, of said Wiscasset, had, at that time, a right of dower in the tenements, and afterwards, viz., in 1807, which was before the commencement of this suit, she had sued out her writ of dower, and by-judgment of Court had had her dower assigned and set off to her in the premises.
There are several pleas by the defendant, and issues thereon, the substance and amount of all of them being, that the said Elizabeth had no lawful right of dower in the premises ; and whether the evidence offered and admitted at the trial justified the verdict in favor of the plaintiff, is the principal question referred to the Court.
There is a subsidiary question upon one of the issues, in which the inquiry was, whether the present defendant had due notice of Elizabeth Parsons’s action of dower, so that he was bound by the judgment recovered in that action. But as this question would be material only in case the defendant had now shown that the -ecovery of dower was wrong, and as the Court are of opinion that he has not shown this by the evidence in the case, it is not necessary to consider whether the notice to him precluded him from showing that dower ought not to have been recovered.
The title of Sumner to the tenements described in his deed is under the levy of an execution, to satisfy a judgment * which he had recovered against Timothy Parsons in July, 1799; the same tenements having been attached on the original writ in that suit in 1796. This levy did not operate to deprive the wife of Parsons of her right of dower; and it would be proper for appraisers, in such cases, in their estimates of the value of lands, &c., which they are about to set off to satisfy executions, to deduct the value of the dower; so that, if the lana should not be redeemed, the creditor may not suffer by the death of the debtor, and a consequent claim of dower by his widow.
The defendant, however, has attempted to prove that the right of Mrs. Parsons was extinguished before her action for dower, by-introducing into the case the deed of Timothy Parsons to David Hinkley, made in 1797, of several parcels of land, including that which is the subject of the present action, in which deed Mrs. Parsons had joined in the usual form, for the purpose of relinquishing hei right of dower in all the premises conveyed by the *139 deed; and has also produced a deed from the said Hinicley to himself, dated in September, 1807, while the action for dower was pending, in which last deed the said Hinkley, for the consideration of ten dollars, grants, conveys, releases, and quitclaims, all his right in the tenements to the said Sumner, his heirs and assigns forever.
If the title to the land described in this deed was, at the time of its execution, in Hinkley, according to the terms of the deed, this would be a sufficient defence to the present action, unless the defendant was bound by the notice before mentioned; because it would show that Mrs. Parsons had parted with her right of dower, in a manner become legal by the long-established usage of this commonwealth; and the right acquired by Sumner, under this deed, would have enured to Stinson, the present plaintiff, to whom Sumner had passed all his right in the premises.
This defence is, however, answered by the plaintiff, by showing that, at the time of the execution of the deed from Parsons and his wife to Hinkley, there were subsisting attachments * upon it, in the suit of Sumner, and in another of Cod-man against Parsons; (a) that, in 1798, Hinkley had instituted his action of covenant broken against Parsons, upon the deed aforesaid, alleging those attachments as a breach of the covenants ; and that afterwards Hinkley had recovered his damages on account of this circumstance; and it appears that the land now in question was, in fact, taken by Sumner to satisfy the judgment recovered by him, for thfe security of which the attachment was made.
Now, the principle upon which Hinkley’s action against Parsons was sustained, and his damages given, must have been, that Parsons had no right to sell and convey the land described in the deed, and it was upon a covenant to that effect that his action was brought. It would certainly be manifestly against the principles of justice, that a grantee should recover either his purchase money or the value of the land, against the grantor, upon an alleged breach of covenant that nothing passed by the deed ; and that he should yet be considered the owner of the land, under the very deed which he had alleged to be inoperative.
It has lately been decided in York, (1) that one who has reco%ered judgment for damages, for a breach of the covenants in Ins *140 deed, upon an allegation that the grantor was not seised, and had no right to sell, shall not set up his deed against the grantor, or any one claiming under him, in an action for the land; but that a judgment for the recovery of damages, for the breach of such covenants, shall avail against such deed, when pleaded by a party having a right to plead such judgment. (b)
This case depends upon the same principle. The estate did not pass from Parsons to Hinkley, as appears by his own allegations and proceedings; and the relinquishment of dower by the wife cannot now avail, since there is no estate in Hinkley for it td operate upon. This, probably, was the view of Hinkley himself; otherwise he would not have parted with his supposed right to Sumner for the small consideration of ten dollars.
*Some objections to the mode of assigning the dower were suggested in the argument; but they cannot avail in the present defence, as the judgment which deprived the plaintiff of so much of his land is now in force ; and although it may have been irregular, we are not satisfied that it is erroneous, so that it can be vacated.

Per Curiam.

Let judgment be entered on the verdict.

 [In Borden vs. Borden, (5 Mass. Rep. 67,) an attachment is considered “ rather as an approaching than existing encumbrance.” And in Barnard vs. Fisher, (7 Mass Rep. 71,) it is said, 66 to value an attachment on an undetermined suit as an encumbrance on the land would be palpably absurd.” For aught that appears, the judgment recovered against Parsons might have been reversed for error. Bigelow vs. Wilson 1 Pick. 485.—Ed.]

 [ Could Hinkley have recovered more than the value of the encumbrance, viz., the interest of Sumner, acquired by his levy ? If not, he recovered nothing on account of the right of the wife of Parsons to dower. And what could prevent that right from passing to Hinkley?— or divest him of it?—or hinder it from passing, by nis deed, to Sumner?—Ed.]

 Vide Porter vs. Hill, ante, p. 34.