Matthews *v.* Duryee.

deny this purpose. True, it insists that the defendant is going through One Hundred and Thirtieth street for its own private accommodation, to reach its depot and stables, but it does not deny its purpose to operate the road there for hire.

We have already seen that the necessity of this extension is not established; it is therefore unlawful. It is then plainly the attempted exercise by this defendant of a valuable franchise not authorized by law.

This, independently of any other considerations or proof, is a sufficient damage to uphold this decree. The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, September 19, 1865. *Ingraham, Peckham* and *Leonard,* Justices.]

---

## MATTHEWS *vs.* DURYEE and others.

The surplus moneys arising on a sale of land under a mortgage foreclosure, stand in the place of the land in respect to those having liens or vested rights therein; and the widow of the owner of the equity of redemption is entitled to dower in the surplus, as she was in the land before the sale.

Where the widow of a mortgagor is made a party defendant in a foreclosure suit, but omits to appear or assert her claim for dower, she is not barred of her action for her share of the surplus moneys, by any order for their distribution, made in the foreclosure suit. SUTHERLAND, J. dissented.

Nor is she barred from bringing such an action against the person to whom the surplus moneys were assigned in the foreclosure suit, by reason of her neglect or omission to assert her claim, on being made a party to a suit brought by that person, for the settlement and closing of his trust as assignee of the mortgagor.

THIS was an action brought by the plaintiff, as the widow of Charles S. Matthews, to recover her dower in surplus moneys arising from the sale of mortgaged premises under a decree for the foreclosure of a mortgage executed by her husband. By an order made in that suit the whole of the surplus moneys were ordered to be paid over to the defendant

Duryee, and the same were still in his hands. The plaintiff, though made a party to the foreclosure suit, failed to appear or assert her claim to dower, and filed no claim to the surplus moneys, and was not notified of the reference respecting them. Judgment was given for the plaintiff, at special term, and the defendants appealed.

LEONARD, J. The surplus money arising on a sale of land under mortgage foreclosure stands in the place of the land in respect to those having liens or vested rights therein, and the widow of the owner of the equity of redemption is entitled to dower in the surplus, as she was in the land before the sale. This proposition is not disputed by the counsel for the defendant, but it is insisted that the right of the plaintiff to dower is barred by her neglect or omission to assert her claim in certain actions and proceedings involving the title to the land or its surplus proceeds, in which actions the plaintiff was a party.

The plaintiff was made a party defendant in the foreclosure actions, but she omitted to appear or assert her claim for dower. After the sale, under the judgments of foreclosure, a reference was had, by an order of the court, in respect to the surplus money arising on the sale, but the plaintiff not having appeared in the actions, or filed any claim to the surplus, was not notified of the proceeding, and the whole fund was ordered to be paid to the defendant Duryee, on his claim as assignee in trust for the benefit of the creditors of the assignor, Charles S. Matthews, the former owner of the equity of redemption, and the late husband of the plaintiff.

*Prima facie*, this money is still in the hands of the defendant, and no evidence is offered to rebut that presumption. He holds the money as a trustee merely, without having parted with any actual consideration therefor, and is under an obligation to pay it to the party justly entitled thereto. His title to the money is of no higher degree than that of a creditor having a lien on the land by judgment be-

Matthews *v.* Duryee.

fore the foreclosure sale. The dower right of the widow is paramount to either.

The defendant Mr. Duryee, also brought an action for the settlement and closing of his trust as assignee, in which the plaintiff was made a party defendant, but she made no claim therein of her dower right in the fund in question.

These actions and proceedings, it is insisted, constitute a bar to the present action, in law and equity, by reason of the neglect or omission of the plaintiff to assert her claim therein, as it is insisted that she was required to do by the rules of law and the course of decisions in like cases.

Had there been any allegation in the complaint in either of the actions referred to, affecting the dower right of the plaintiff, the judgment in such action would undoubtedly have barred the plaintiff's claim. But that subject was not put at issue in those actions. The object of the first mentioned actions was the foreclosure and sale of the mortgaged premises. As against the mortgages sought to be foreclosed, the plaintiff had no dower right. She could not defeat the claim of the mortgagees by setting up her dower right in those actions.

The interposition of her rights as doweress would constitute a collateral inquiry only, to be considered as between the defendants in those actions, who might claim the surplus money, in the contingency that any surplus should remain.

Nothing has been adjudged in any action or proceeding, except the one now before the court, relating in any manner to the claim of the plaintiff to dower in the land, or in the surplus money in question.

There is no inconsistency between the order awarding the surplus money to the defendant Duryee, as assignee, and the judgment in this action, because the plaintiff was not before the referee in that proceeding, and her right was not passed upon. The defendant was adjudged to be entitled only as against those who were legally before the referee as parties, and not as against the plaintiff, who was not before him.

The defendant has not been induced to take any action, nor has he, parted with any thing nor sustained any injury by reason of the neglect or omission of the plaintiff to assert her claim in any of the actions or in the proceedings referred to. He has simply obtained possession of the whole of a fund of which he is entitled to part only.

The present claim is not within the principles decided in, or is distinguishable from, the cases referred to by the learned counsel for the defendant, wherein the neglect or omission of a party to an action to assert a claim or right has been held to bar a subsequent action.

We hold, therefore, that the actions and proceedings relied on by the defendant do not amount to a bar or defense against the present action.

The facts are proven, from which a computation of the value of the plaintiff's estate or interest can be ascertained upon the principles adopted by the rules of the court. The consent of the plaintiff to accept the sum found in her favor in lieu of dower may be inferred from the judgment herein in her favor from which she has not appealed.

The demand of the plaintiff "of her dower in the surplus fund" seems not to be objectionable. She demanded no more than she was entitled to. The defendant made no objection to the form or amount of her demand. He did not offer to set apart one third of the fund in his hands, and to pay her the income of that portion, nor to admit her right to any extent in any form. It is true that he could not be required to make her an offer; still the demand informed him of the extent and nature of the plaintiff's claim, and it is adjudged that her claim is correct. The possession of the money by the defendant at the time of the demand, and the neglect or refusal of the defendant to admit and satisfy the plaintiff's claim, carries with it the right to interest.

The defendant also insists that the creditors of Charles S. Matthews should have been made parties to this action.

This objection is not well founded. The defendant has

the legal title to the fund, and represents, in his capacity of assignee or trustee, all the creditors of the estate.

The judgment should be affirmed, with costs of the appeal, from the assigned estate.

CLERKE, J. concurred.

SUTHERLAND, J. I dissent. I think there is no precedent or principle for such an action as this. If the plaintiff has any remedy, it appears to me that it must be by a motion or proceeding to vacate or modify the order under which the money was paid to the defendant Duryee.

Judgment affirmed, with costs, &c.

[NEW YORK GENERAL TERM, February 1, 1864. *Leonard, Clerke* and *Sutherland*, Justices.]