## HENRY A. WALKER *vs.* MARY A. WALKER.

The guardian of minor children, having a license to sell their real estate, sold it at auction to her attorney, who reconveyed it to her; and no money passed between her and the attorney. *Held*, on bill in equity by one of the children upon coming of full age, that the sale was voidable, though made for a good price, and without knowledge by the guardian, until after the sale, of her attorney's intention to purchase; and that the plaintiff was entitled to a conveyance of his part of the estate, and to an account of the rents and profits, subject to a deduction of the guardian's expenses for his maintenance.

When a sale by a guardian of the ward's land, in which the guardian herself has a right of dower, is avoided by the ward because made to the guardian herself, the right of dower revives.

BILL IN EQUITY to set aside a conveyance of real estate made by the defendant, as guardian of the minor children of George

A. Walker. The case was heard before *Wells*, J., who reported it substantially as follows :

George A. Walker died seised of the real estate in question, and the defendant, his widow, was appointed in March 1854 guardian of his three children, of whom the plaintiff was the eldest, and all of whom were at that time minors. No inventory was ever returned by her, and no account of guardianship ever rendered. In April 1861, the defendant, as guardian, obtained a license from the probate court to sell real estate of her wards for the purpose of applying the proceeds thereof as far as necessary for their maintenance, and of investing the balance, if any, until wanted for such maintenance. Notice having been given, the real estate was sold at auction May 13, 1861, and a conveyance thereof made to Moses G. Cobb, dated May 13, 1861, and purporting to be for the consideration of $13,812.50. By deed of the same date Cobb conveyed the same premises to the defendant, for the consideration named of $27,625. Subsequently the defendant mortgaged the premises for $10,000 to Samuel A. Shurtleff, which sum she claimed to have expended in improvement and repairs upon the premises, and in support and education of the children. It was conceded that the mortgagee was a *bonâ fide* purchaser to the extent of the mortgage, and that any decree in favor of the plaintiff should extend only to the title subject to that mortgage.

It appeared that Cobb was an attorney at law, and was employed by the defendant to obtain the license and conduct the business for her of making sale of the real estate ; that he attended at the time and place of sale for the latter purpose, the defendant not being present; that the sale took place at his office in Boston; that few or no persons were present except himself and the auctioneer; that he bid off the property at the sum of $13,812.50, with the understanding, as he testified, that the defendant would take it off his hands ; and that he paid no money on account of his said purchase, and received none from the defendant for the reconveyance to her.

The plaintiff became of full age August 13, 1865, and this bill was filed November 28, 1866. The defendant offered evidence

Walker v. Walker.

to prove that all the personal property which George A. Walker left did not exceed one hundred and fifty dollars; that the annual rents of the real estate did not exceed three hundred and sixty dollars; that the defendant supported her family by taking boarders and sewing, and supported, clothed and educated the plaintiff until his majority; that she never had any understanding, directly or indirectly, with Cobb that he should purchase the estate for himself or for her; nor had she ever any knowledge in regard to his becoming the purchaser, until after the sale had taken place; that she had no knowledge of what transpired at the sale until she was informed by Cobb that he was the purchaser; that after the sale, Cobb applied to purchase her dower in the premises, and, on her declining to sell it, requested her to purchase the estate from him, which she did, after considerable negotiation; that she employed Cobb to return her account as guardian, and supposed that he had done so; that her claim for the support and education of her wards exceeded the amount for which the estate was sold; and that for the purpose of improving the estate she had borrowed ten thousand dollars, and expended that sum, with moneys of her own, amounting to about five thousand dollars, in constructing and altering the buildings on the estate.

But the judge, (being of opinion that, upon the undisputed facts in the case, the plaintiff was entitled to a decree avoiding the conveyance, except as to the mortgage) declined to receive the evidence; and reported the case for the determination of the full court; if it should be of opinion that the facts so offered in proof would change the result, the case to stand for further hearing thereon; otherwise such decree to be entered, or order for the further disposition of the case, as the court might determine. The question was also submitted whether the defendant was entitled to her dower, or an allowance therefor, in case the conveyances by and to her should be held invalid.

*H. C. Hutchins*, for the plaintiff.

*I. S. Morse*, for the defendant.

AMES, J. There can no doubt that the sale made by the defendant was one by which the wards were not bound. In their

favor and at their election it was voidable; but being voidable only, and not void, it so far took effect that an estate passed to the grantee by the conveyance, subject to be defeated by such of the wards as should see fit to exercise the right to disaffirm the conveyance. The mortgagee, being a *bonâ fide* purchaser without notice of any defect in his security, holds by a good title to the extent of the mortgage, even as against the wards. *Robbins* v. *Bates*, 4 Cush. 104. But, subject to the rights of the mortgagee, the plaintiff is entitled to hold one undivided third of the property. The policy of the law, for very obvious reasons, forbids guardians to be purchasers of the property of their wards, and this rule is entirely independent of the question whether any actual fraud was committed or intended in the purchase. It would avail nothing to show that the actual transaction was a good one, and that the price was a better one than could otherwise have been obtained. The facts which the defendant offered to prove would not, if proved, have remedied the incurable defect in the sale, namely, that it was substantially a sale by herself as guardian, to herself in her personal right.

But on his disaffirmance of the sale, the plaintiff, to the extent of his undivided third, remits her to all the rights which she would have if there had been no sale. As against him, she becomes entitled to her dower. He cannot say that by giving a deed which, as against him, has no binding force, she has merged her dower in the fee. He cannot repudiate the deed for his own benefit, and at the same time treat it as valid for the purpose of inflicting a disadvantage and loss upon her. There can be no merger of her dower except by the acquisition of a larger and more comprehensive title in the same premises, and that acquisition he prevents her from making, by disaffirming the conveyance. On this point the cases cited are quite decisive. *Stinson* v. *Sumner*, 9 Mass. 143. *Robinson* v. *Bates*, 3 Met. 40.

The result then is, that the plaintiff is entitled to a conveyance of one undivided third part of the estate, subject with the other two thirds to the mortgage and to the defendant's dower. He is also entitled to one third part of the rents and profits subject to the deduction of all just and proper charges and ex

penses on her part for his education and maintenance during his minority, and subject to the further deduction of one third part of all the expenses of insurance, taxes, repairs, interest paid on the mortgage, and the incidental expenses of the care and management of the property. Her account as guardian is to be settled in the court of probate. And a master is to prepare the conveyance, set out her dower, audit the accounts, and report to the court thereon. *Decree accordingly.*