ELIZA MALLONEY, Appellant, v. JOHN HORAN, Respondent.

To establish an estoppel in pais, a party must show that the acts, declarations or omissions, out of which he claims the estoppel arises, influenced his conduct or that he took action in the matter in reliance thereon.

A judgment in an action brought by a receiver in behalf of creditors against the debtor and his wife, setting aside a deed from them to a third person, and a deed from their grantee to the wife, and directing a sale of the premises, where it does not appear that there were any averments in the pleading raising the question of her inchoate right of dower, and no recognition or provision in regard to that right is contained in the

judgment, does not operate as an estoppel by record to defeat the wife's claim for dower in the premises upon the death of her husband. (GROVER, J., dissenting.)

The rule that a judgment is final and conclusive upon the defendant as to all matters which might have been litigated and decided in the action, is limited and applicable to such matters only as might have been used as a defence in that action, such as if again considered would involve an inquiry into the merits of the former judgment.

The release by a wife of her inchoate right of dower operates only against her by way of estoppel; it must accompany or be incident to a conveyance by another, and binds only in favor of those who are privy to and claim under the title created by that conveyance, and if the conveyance is void or ceases to operate, she is again clothed with the right which she has released. (The case of the *Manhattan Co.* v. *Evertson*, 4 Paige, 457, distinguished, and that of *Meyer* v. *Mohr*, 18 Robt., 333, questioned.)

The rule that a fraudulent conveyance is valid as between the parties thereto, does not operate to work a merger of a prior lesser estate owned by the grantee when the conveyance has been set aside because of the fraud. To the penalty of the loss of the estate conveyed will not be added the further one of the loss of another interest on the ground of merger.

(Argued March 28, 1872; decided April 2, 1872.)

APPEAL from the judgment of the General Term of the Supreme Court in the second judicial district, affirming a judgment in favor of defendant, entered upon the decision of the court at Special Term.

The action is brought to recover dower in premises situate in Queens county.

Patrick Malloney (the husband of the plaintiff) being the owner of the premises on the 11th of November, 1864, executed a conveyance of them to his brother, Michael Malloney. The appellant united in this conveyance and released her dower. Michael Malloney, on the 28th of December, 1864, conveyed the premises to the appellant. Both conveyances were recorded in Queens county.

In March, 1865, a judgment was recovered against Patrick Malloney for $1,946.14; and in the same year a receiver of the property of the judgment debtor was appointed.

On the 10th of April, 1865, the receiver brought an action in the Supreme Court against Patrick Malloney, Eliza Mal-

loney and·Michael Malloney, for the purpose of having the deeds set aside and declared fraudulent and void as to the creditors of Patrick Malloney, All the parties appeared and answered the complaint. On 17th of November, 1865, judgment was rendered, declaring that the conveyances were made with the intent to hinder and defraud creditors, and were fraudulent and void as to the creditors of Patrick Malloney, and directed that the premises should be sold, and that the parties in possession deliver possession to the purchaser.

The premises were advertised for sale by the receiver. Prior to the sale, Patrick Malloney died. A few hours before the sale, the plaintiff called upon defendant at his place of business (where she also found John J. Conklin, the purchaser), and requested him to attend and bid, informing him that she had no claim upon the property.

Plaintiff, Conklin and defendant were all present when the terms of sale were read (by which it was stated that the premises would be sold subject to a mortgage held by the trustees of Union College for $750), and all were present when Conklin purchased for $6,100, subject to the Union. College mortgage.

Conklin assigned his bid to defendant and the receiver conveyed to him. Upon these facts, the court directed a dismissal of the complaint.

*Samuel Hand* and *A. A. Redfield* for the appellant. The right of dower is a favorite of the law, and will be encouraged rather than defeated. (1 Story's Eq., §§ 6, 29; *In re Sipperly*, 44 Barb., 370.) No act of the husband can prejudice this right. (*Denton* v. *Manny*, 8 Barb., 618; 1 R. S., 742, § 16.) A release of dower operates only as a release, not a transfer. If the accompanying conveyance is canceled or ceases to operate, the release falls and the right revives. (*Harrison* v. *Eldridge*, 2 Halst., 392; *Douglas* v. *McCoy*, 5 Ohio R., 527; *Powell* v. *Morison, etc., Manuf. Co.*, 3 Mason, 347; *Hall* v. *Savage*, 4 id., 273; *Barker* v. *Parker*, 17 Mass., 56, and cases cited below; *Summers* v. *Babb*, 13 Ill., 483;

*Blair* v. *Harrison*, 11 id., 384; *Stinson* v. *Summers*, 9 Mass., 143.) Defendant is stranger to the release, and, as to him, plaintiff is not estopped by reason of her having joined in the fraudulent conveyance with her husband. (*Littlefreed* v. *Crocker*, 30 Me., 192; *Harriman* v. *Gray*, 49 id., 537; *Pixley* v. *Bennett*, 11 Mass., 298; *Blain* v. *Harrison*, 11 Ill., 384; *Robinson* v. *Bates*, 3 Met., 40; *Taylor* v. *Fowler*, 18 Ohio, 567; *Woodward* v. *Paige*, 5 Ohio St., 70; *Ketzmiller* v. *Van Rensselaer*, 10 id., 63; *Summers* v. *Babb*, 13 Ill., 483; *Gore* v. *Cather*, 23 id., 634; *Harrsion* v. *Eldridge*, 2 Halst., 392; *Richard* v. *Talbird*, Rice Eq. [So. C.], 158; *Pierson* v. *Williams*, 23 Miss., 64; *Randolph* v. *Doss*, 3 How. Miss., 205; *Gray* v. *McCune*, 23 Pa. St., 447–451.) There was no estoppel in pais, as there is no proof or finding that plaintiff intended to mislead. (*Lawrence* v. *Brown*, 5 N. Y., 394; *Chautauque Co. Bank* v. *White*, 6 id., 236; *Jewett* v. *Miller*, 10 id., 402.)

*John J. Armstrong* for the respondent. Every intendment not absolutely unreasonable will be in favor of judgment. (*Grant* v. *Morse*, 22 N. Y., 323.) Plaintiff's uniting in the deed with her husband released her dower. (*Green* v. *Putnam*, 1 Barb., 500; *Moore* v. *The Mayor*, 8 N. Y., 110.) The conveyances were valid as to the parties and cannot be questioned by plaintiff. (*Osborne* v. *Moss*, 7 Johns., 161; *Jackson* v. *Guernsey*, 16 id., 189; *Babcock* v. *Booth* 2 Hill., 181; *Nellis* v. *Clark*, 4 id., 424; *Moseley* v. *Moseley*, 15 N. Y., 334; *Manhattan Co.* v. *Evertson*, 6 Paige, 457; *Den* v. *Johnson*, 3 Has., 87; *Meyer* v. *Mohn*, 1 Robt., 333.) The acts and declarations of plaintiff at time of sale estop her from claiming dower. (*Smiley* v. *Wright*, 2 Ohio, 506; *Ellis* v. *Diddy*, 1 Indiana, 563; *Brown* v. *Bowen*, 30 N. Y., 519; *Wood* v. *Seeley*, 32 id., 105; Fonb. Eq., 163; *Manufacturers' Bank* v. *Hazard*, 30 N. Y., 226.) This estoppel attaches itself to the land, and can be asserted in behalf of the grantee of the immediate purchaser. (*Hills* v. *Miller*, 3 Paige, 256; *Wood* v. *Seeley*, 32 N. Y., 105, and

cases cited at p. 117.) The judgment in the creditors' suit concludes defendant, and she can claim no title against the purchaser under that decree. (*Clemens* v. *Clemens*, 37 N. Y., 59–74.

FOLGER, J. The plaintiff showed that she was the wife of Patrick Malloney in his lifetime; that during coverture, he was seized in fee of the premises, in which she now demands dower; and that before the commencement of her action he departed this life. She thus makes a *prima facie* case for a judgment in her favor.

The defendant relies upon four grounds to defeat the case made by her.

1st. An estoppel in pais; which is claimed to arise from the plaintiff calling on the defendant Horan and asking him to attend and bid, at the receiver's sale of the premises taking place after the death of her husband; stating that she had no claim thereon, or nothing therein; and from her afterward attending at the sale with Horan and with Conklin the purchaser thereat, and being present at the reading of the terms of sale, in which no mention is made of any right in her.

In the finding of fact on which it is sought to rest this estoppel in pais, there does not appear at least one material element of that kind of estoppel. It is not shown, nor is it necessarily to be inferred from what is found, that the declarations, acts or omissions of the plaintiff, influenced the conduct of Horan or Conklin, or that they took any action in the matter in reliance thereon. This ground therefore, cannot avail the defendant.

2d. An estoppel by record; which is claimed to arise from the judgment in the action in behalf the creditors of the husband of the plaintiff, setting aside the deed from him and her of the premises and the deed of them to her from their grantee, and directing a sale of the premises, in the action in which the judgment was rendered, she being a defendant and appearing and answering; in which judgment there was no recognition of her dower-right, or provision in regard to it, nor

anything to show that she claimed its existence. She is bound by that judgment, whatever may be its legitimate effect. The judgment is final and conclusive upon her, as to all matters put in issue and litigated in the action. (*Clemens* v. *Clemens*, 37 N. Y., 59.) But as stated above, the matter of her inchoate right of dower was not put in issue and litigated therein. It is claimed that the rule goes further, and that the judgment is final and conclusive upon the parties to it, upon all matters which might have been litigated and determined therein. It is so asserted. (*Le Guer* v. *Gouverneur*, 1 Johns. Cas., 436, and note to Sheppard's ed.) The plaintiff in this action might have raised in that action the question that she had a right of dower, as yet inchoate but which might become complete; and might have asked that if it should be found to exist, the judgment should make provision therefor. (*Vartie* v. *Underwood*, 18 Barb., 561.) But was she bound to do so? This would not have been matter in direct opposition to the action in defence of the claim made by the plaintiffs therein; it would have been a *quasi* admission of the cause of action set up, and a seeking for relief in the judgment which must follow. And when the authorities say that a judgment is final and conclusive upon the parties to it, as to all matters which might have been litigated and decided in the action, the expression must be limited as applicable to such matters only as might have been used as a defence in that action, against an adverse claim therein; such matters as if now considered, would involve an inquiry into the merits of the former judgment. (*Whitcomb* v. *Williams*, 4 Pick., 228; *King* v. *Chase*, 15 N. H., 13) The existence of an inchoate right of dower in the plaintiff, would not have been a defence to the action of the receiver, for a sale of the premises and a satisfaction from the avails of the sale of the judgment debt which he represented. It could not if pleaded and shown, have prevented a judgment substantially that which was rendered. The most which could have been effected would have been to have secured in the judgment an ancillary provision, recognizing and protecting the contingent right. And again: it was a right pre-

existent the claims and defences there litigated, and paramount to any right of the plaintiff in that action there sought to be enforced. It is to be remarked that the printed case does not show what were the allegations in the complaint in the action brought by the receiver, and that what is here said, is upon the presumption that there were no averments there, raising the question of the right of dower in the present plaintiff. Nor do the findings of fact show that the right of dower was at all called in question, nor that any issue made by the pleadings affected it, nor that any circumstance of the action or of the trial make it necessary to insist upon it. (See *Lewis* v. *Smith,* 5 Seld. [9 N. Y.], 502 ; *Yates* v. *Fassett,* 5 Denio, 21.) We are of the opinion that the plaintiff is not estopped by the record in the action brought by the receiver.

3d. The third ground taken by the defendant is, that by joining with her husband in the conveyance to Malloney, the plaintiff released all her right of dower in the premises. And though it is suggested in answer thereto, that the deed having been declared void as against the creditors of the husband, and adjudged to be canceled of record, thereby the title is restored to the husband and the right of dower may again arise : it is replied to this, that a deed though fraudulent as against third persons, and subject to be set aside as void therefor, is yet good and valid as between the fraudulent parties to it, and that the fee of the lands has passed by it, so that the grantor cannot call it back. And if the grantor, the husband, cannot recall the fee, and it has passed from him, then as it is claimed, has the wife by joining in the conveyance, effectually and forever released her right of dower. If it should be conceded that the wife by such act, has effectually released her right of dower to the fraudulent grantee and his assigns, it is not yet determined that she is debarred of her right, as against one claiming the premises from a source other than him or them, and indeed in hostility to him and to them. For what is the effect and operation of a release by a wife of her inchoate right of dower ? She cannot, nor can a widow until admeasurement, convey or assign

her dower. The joining with the husband in his conveyance is then but a release by the wife of a contingent future right, and operates against her but by way of estoppel. (*Tompkins* v. *Fonda*, 4 Paige, 448.) And it is said that she cannot execute any valid release of her dower in the real estate of her husband in any other way than by joining with him in a conveyance to a third person. (*Carson* v. *Murray*, 3 Paige, 483.) The release must at all events, accompany or be incident to the conveyance of another. And the right of dower again attaches, upon a reconveyance of the real estate to the husband, or upon his becoming in any other manner vested in his own right with the title thereto. (Id.) And inasmuch as the release of dower to be operative, must be in conjunction with a conveyance or other instrument which transfers a title to the real estate, it follows that if the conveyance or instrument is void or ceases for any reason to operate, and no title has passed or none remained, the release of dower does not after that operate against the wife, and she is again clothed with the right which she had released. Such is the familiar case of a wife joining with her husband in the execution of a mortgage, and thereby releasing her right of dower. On the satisfaction of the mortgage, her right is restored. And so when a deed has been executed by the husband with full covenants, in which the wife has joined releasing her dower, and afterward the grantee has sued for a breach of the covenants and has recovered full damages, it has been held, the husband dying, that the widow has a right of dower in the premises. (*Stinson* v. *Sumner*, 9 Mass., 143.) The ground upon which that decision is placed comports with reason. It is, that the judgment in an action on the covenants in a deed goes upon the ground that nothing has passed by it to the grantee. If nothing has passed by it to the grantee, then the grantor has retained all that which he had when he executed the deed. And the wife of the grantor retains with him all that she had. The principle which governs is this: The release of an inchoate right of dower which a married woman makes by joining in

a conveyance with her husband, operates against her only by estoppel. An estoppel must be reciprocal, and binds only in favor of those who are privy thereto. A release of dower can be availed of then, only by one who claims under the very title which was created by the conveyance with which the release is joined. A release to a stranger to that title, does not extinguish the right of dower. (*Harriman* v. *Gray*, 49 Maine, 537.) It shows no privity of estate or connection of any kind between the doweress and the tenant. (*Pixley* v. *Bennett*, 11 Mass., 298.) But when a creditor of the husband pursues him to judgment and attacks as fraudulent and sets aside as void the deed from him, joining in which the wife has released her right of dower, he does not connect himself with the title which that deed has created, and with which the release of dower is connected. He sets up the title of the husband as it existed before the fraudulent conveyance, and stands in hostility to the title which it has given. Not being a party to the release or in privity with it, he may not set it up in bar of dower. (See *Wyman* v. *Fox*, 59 Maine, 100; *Robinson* v. *Bates*, 3 Met., 40.)

We are of the opinion that the defendant cannot successfully stand upon this ground.

The research of counsel has not furnished us with any decision of the courts in this State directly upon this point. *The Manhattan Co* v. *Evertsen* (6 Paige, 457) is cited by the defendant. At first reading it seems to make for him. But look how the question came up there, and between what contestants it was to be determined, and it will be seen that the decision there may be maintained and not clash with our conclusion. That was a contest for the distribution of surplus moneys, arising upon the sale of lands on the foreclosure of a mortgage prior to all the claims in dispute. It was then in theory, a dispute as to the residue of land, the same as if fifty acres having been taken from seventy-five to satisfy the mortgage, who shall have that which is left. (*Matthews* v. *Duryee*, 45 Barb., 69.) The only contestants as to the right of dower were the widow on the one hand; and the grantee

of the husband and wife to whom she had released her dower, and the mortgagee of that grantee on the other. The deeds which had been executed were held valid as to the trust specified in them, but inoperative after that as against the creditors of the husband. It is obvious that the only question arising on these facts and between these litigants was, whether a deed valid as to a part of its purposes, and invalid as to part, should be held so effectual between the parties to it, as that the grantee therein and those in privity with him as such, could set up the release of right of dower therein contained against the wife who had executed it, when as widow she claimed dower. That question was solved by the consideration, that had the deed been absolutely void as against creditors, yet it transferred the legal title to the grantee as against the grantors; and that had it created a valid legal title subject to resulting trusts in the husband, the widow could not be endowed of a mere equity. The principle here involved was not considered, nor did it need to be considered. *Meyer* v. *Mohr* (1 Robt., 333) is also cited by the defendant. It is there held that the wife having united with her husband in a fraudulent deed, had divested herself of her inchoate right of dower, and was not entitled to any protective provision in a judgment setting aside the deed as void against creditors and ordering a sale. The question does not appear to have been fully considered there. We are constrained to differ from the conclusion there reached. In *Den Ex dem.* v. *Johnson* (3 Harrison [N. J.], 87), it was held that a wife was not incapacitated by interest from testifying as a witness that a deed which had been executed by her and by her husband was fraudulent. The action was between one claiming the premises as a purchaser at sheriff's sale, on a judgment against the husband prior to the deed, and one claiming under the deed alleged to be fraudulent. If the wife by her testimony should sustain the deed, her dower was barred by it. If she showed that the deed was fraudulent, then if we are right, the grantee in it might be dispossessed, and her right of dower be restored to her as against the purchaser at the sheriff's

sale. Her interest was not to protect the deed. But it was held in that case, that the alleged fraudulent deed being good against the grantors, her dower was unquestionably gone, and that by showing it fraudulent as to creditors, she did not thereby restore her husband's title to the land nor her own right to dower. It will be perceived that the question presented to us was not raised, at least with distinctness, in the learned court which passed upon that case, as is evident from the citations with which the decision is sustained, which are all to the point, only that as between parties to a fraudulent deed the deed is valid. (*Osborne* v. *Moss*, 7 J. R., 161; *Jackson* v. *Garnsey*, 16 id., 189; *Same* v. *King*, 4 Cow., 207–216; 11 Wheat., 213, are cited.) We feel obliged to yield to the greater force of authority upon the other side of the question, arrayed upon the points for the plaintiff and drawn from the reports of many States.

4th. In addition to the three grounds above noticed, taken upon the printed points of the defendant, another was suggested on the oral argument.

It appears that the grantee of the plaintiff and her husband, after the execution of the deed to him, conveyed in turn to the plaintiff, so that as among them she became the sole owner in fee of the whole premises. It is claimed that by this, the inchoate right of dower became merged in the greater estate acquired by the last conveyance. But we do not think that this position will avail the defendant in this case. It may be conceded that ordinarily where two such interests in lands meet in one person, the lesser sinks into the greater. And as we have above admitted, the fraudulent conveyance from plaintiff and husband and that back to plaintiff, were valid between the parties to them. But it has been held that this latter rule does not apply to work a merger of a lesser estate in a greater. The force of that rule is, that where one has sought to work wrong, the law will not aid him to trace back when he seeks to reach again the property. But when both he and his conspirator have lost the property conveyed, and the deed has been avoided by the

court, and the property restored for the benefit of creditors, the further penalty will not be inflicted of the loss of another interest upon the ground of a merger. (*Roberts* v. *Jackson*, 1 Wend., 478.)

For these reasons the judgment appealed from should· be reversed, and a .new trial ordered with costs to abide the event of the action.

Grover, J., dissented, upon the ground that all claim of the plaintiff of title to the land, or of any interest therein, whether as dower or otherwise, was cut off by the judgment under which the defendant acquired title. That being a party to the action, she. was bound to set up any defence she had to the relief demanded by the plaintiff therein, which was a sale of the land for the purpose of paying the debts of the grantor, or of her grantor, whether such .defence was a bar to the entire action, by showing a valid title to the whole land as against the claim made by the plaintiff, or partial only, by showing title to part or some lien or claim thereto, contingent or otherwise, not subject to the claim of the plaintiff. That *Lewis* v. *Smith* (5th Selden), was not applicable to the facts of this case.

All concur for reversal except Grover, J., dissenting.

Judgment reversed.