CHESHIRE.

---

ASHUELOT R. R. *v.* CHESHIRE R. R.

A final decree in a bill in equity is conclusive upon all the parties in respect to all matters of claim and defence determined by it, and as to all incidental matters which the parties were bound to litigate and bring to decision.

Neglect to present a claim, which might have been litigated in a bill in equity, until after a final decree, on a motion for a rehearing, is a waiver 'of the claim, and after such decree leave will not ordinarily be given to file a supplemental bill to enforce it.

BILL IN EQUITY, supplemental to the suit of the plaintiffs against Elliot and others,—reported in 52 N. H. 387—*S. C.,* 57 N. H.

397—S. C., 58 N. H. 451,—praying for an accounting by the defendants for the income of the plaintiffs' railroad from December 1, 1876, to April 21, 1877.

The bill alleges, that at the hearing before the master in the principal suit, the accounts were made up to December 1, 1876; that the defendants retained possession of the road, taking the income, up to April 21, 1877, which was the date of the final decree; and that they have never accounted for the income between those dates.

The defendants deny their liability to account, alleging that the matters for which relief is now asked were matters of substance in the original bill; that the decree was left open, under the former bill, for the settlement of all questions which might arise in favor of either party, in order to have the decree of the court made final; that there was a motion for a rehearing, and, at the time that motion was considered, it appeared from the records of the court that the plaintiffs were in possession of the road; that the court denied the motion for a rehearing, and ordered that, upon the plaintiffs' paying to the defendants $5,000, the decree should be final; and that this order was not for the correction of any particular error, but for the purpose of correcting all errors, and removing all difficulties in the way of a final decree. The case was heard on the bill and answer.

*Lane & Dole*, for the plaintiffs.

*Batchelder & Faulkner*, for the defendants.

STANLEY, J. The relief asked in this suit might have been granted in the original action. There was a prayer for an account, and under it an accounting up to December 1, 1876, long after the filing of the original bill. The cause of complaint and the parties in this bill are the same as in the original. The facts on which the present prayer for an accounting is founded were all known to and accessible by the plaintiffs when the final decree in the original bill was made. Moreover, after this decree there was a motion for a rehearing by the defendants, on the alleged ground that there were errors and mistakes which ought to be corrected; but the motion was denied. On these facts this bill should be dismissed. It is in the nature of a supplemental bill, and it is only by leave of court that such a bill can be filed. *Tappan* v. *Evans*, 12 N. H. 330; *Gove* v. *Lyford*, 44 N. H. 525.

Whenever a matter is considered and finally determined by a competent tribunal, it is considered forever at rest. This principle not only embraces what actually was determined, but it extends to every other matter which the parties might and should have litigated in the case. *Fischli* v. *Fischli*, 1 Blackf. 360.

An adjudication is final and conclusive, not only as to the matter

actually determined, but as to every other matter which the parties were bound to litigate and bring to a decision, as an incident to or essentially connected with the subject-matter of litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defence.    Freem. Judg., s. 249; Story Eq. Pl., ss. 790, 791; Story Eq. Juris., s. 547; *Clemens* v. *Clemens*, 37 N. Y. 59, 74; *Malloney* v. *Horan*, 49 N. Y. 111, 116; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Case* v. *Beauregard*, 101 U. S. 688; *King* v. *Chase*, 15 N. H. 9, 15.

But, apart from the general doctrine applicable to this case, we are of opinion that this claim should have been presented on the motion for a rehearing, or during the year and a half that the motion was pending.    The decree ordered, when the motion for a rehearing was disposed of, was intended to be and was final in every respect; and as this claim was not presented before that motion was decided, it must now be regarded as waived, and

*The bill must be dismissed.*

CLARK, J., did not sit: the others concurred.