The People agt. Knickerbocker Life Insurance Company.

# SUPREME COURT.

## The People of the State of New York agt. The Knickerbocker Life Insurance Company.

*Title — Inchoate dower right — When not satisfied or extinguished or barred.*

Where a wife does not join with her husband in a mortgage upon realty and is not made party to the foreclosure of such mortgage, she has an inchoate right of dower in said premises after sale upon the foreclosure judgment. although, after the filing of the *lis pendens* in the foreclosure action and before the entry of the judgment, a deed from the husband to A. of said premises, purporting to have been made three years pre-

viously and taken subject to the mortgage, was recorded in the same office, and that thereafter, and before the entry of judgment, a deed of said premises from A. to the wife, subject to said mortgage, was also recorded in the same office; and the purchaser at·the foreclosure sale cannot be required to complete his purchase, the title not being good.

*New York Chambers, October*, 1883.

*Edward H. Hobbs*, for receiver.

*S. M. & D. E. Meeker*, for purchaser John M. Young.

POTTER, *J.*—This is a motion for an order compelling John M. Young, the purchaser, to complete his purchase of a house and lot No. 774½ Monroe street, in the city of Brooklyn. The facts are briefly these: That the receiver of the plaintiff, which was a corporation and was dissolved by the judgment of this court December 29, 1882, sold at public auction as the property of such corporation, the above mentioned property for the sum of $2,925, to John M. Young. The title of the plaintiff thus sold, was derived under the foreclosure of a mortgage executed on the 21st day of January, 1872, by squire S. P. GREEN, the then owner, to Jane B. Hyde, who assigned the same to the plaintiff; and the plaintiff assigned the same to John A. Nichols, who obtained a judgment of foreclosure in an action against said Green (who still owned the same, as far as the records in the proper office showed) and others, and the judgment, after the filing of notice of *lis pendens*, was duly obtained ; that at the time of the execution of the mortgage said Green was the husband of Susan B. Green, who did not join with him in the execution of said mortgage and was not a party to the action to foreclose the same, and is still living ; that after the filing of the said notice of pendency of action, and before the entry of the said judgment, and on the 2d day of January, 1875, a deed from the said squire Green to Martin L. Bush, of said premises, and purporting to have been made on the 3d day of December, 1872, was recorded in the same office, said conveyance being

made and taken subject to said mortgage; that thereafter and before the entry of said judgment, viz., the 2d day of February, 1876, a deed of said premises from the said Bush and his wife to said Susan E. Green, wife of the mortgagor, purporting to having been made on the 20th day of January, 1875, was recorded in said office, and purported to be made and taken subject to said mortgage; that after said property had been sold under the judgment of foreclosure, it was conveyed to the plaintiff; that the plaintiff, through the receiver, tendered a deed of said premises to said Young, who refused to complete the purchase, alleging that the title was not good, for the reason that Susan E. Green, wife of said mortgagor, was not a party to said foreclosure action, and that she still had a dower right in said premises.

The ground of the purchaser's refusal to complete the purchase is that Mrs. Susan E. Green has an inchoate right of dower in said premises. That is the only objection made to the title, and of course is the only question for consideration upon this application. There is no question that she at one time had such right of dower. How has such right been satisfied or extinguished or barred? Not by the judgment in the action to foreclose the mortgage under which the plaintiffs obtained title, for she was not made a party to that action. It is contended that her inchoate right of dower in the premises was merged in the fee which she obtained under the deeds from Green to Bush, and from Bush to Mrs. Green, recorded during the pendency of the action to foreclose, and subsequent to the filing of a notice of *lis pendens* therein. I do not think it can be successfully maintained in this case that there has been a merger of Mrs. Green's inchoate right of dower into the estate which she took under the deed to her from Bush. The right of dower is favored in the law, and is incapable of being defeated or disposed of without the consent of the doweress; and during the life of her husband she can only consent to a release of such right in one way, and that is by joining with him in a conveyance to a third

person (*In re Sipperly*, 44 *Ber.*, 370 ; *Malloney* agt. *Iloran*, 49 *N. Y.*, 111) ; and in such case it is but the release of a future contingent estate, and only operates against her by way of estoppel (*Id.*). Hence, it has been held, that if the conveyance in which the wife joins with her husband and thus releases her dower, is canceled, or is void, or is set aside as fraudulent as against the creditors of her husband, the release of dower does not, after that, operate against the wife, and she is again clothed with the right which she had released (*Malloney* agt. *Iloran, supra*). This being the only mode in which the inchoate right of dower may be disposed of, I should not be willing to hold, upon a simple motion, that a right, so favored and humane, may be released and sold with her husband's equity of redemption, upon the theory that the right of dower has become merged in the husband's equity of redemption, and so subject to be sold under a mortgage which the wife did not sign with him. Assuming, for the sake of plaintiff's theory, that the inchoate right of dower is an estate which may be merged in a present legal estate, it has been held that there is no merger in respect to strangers (third persons or creditors of the husband) where husband and wife joined in a deed to a third person, and he conveyed to the wife in fraud of the husband's creditors (*Lowry* agt. *Smith*, 9 *Hun*, 514; *Malloney* agt. *Iloran, supra*).

In these cases the wife accepted the deed. But in the case under consideration there is no evidence that the wife accepted the deed or was aware of its existence. The absence of such acceptance or knowledge of the deed is perhaps confirmed, or at least made more marked, from the fact that she did not unite with her husband in the mortgage under which plaintiff claims title, nor in the deed which her husband executed to Bush of his equity of redemption. If she had intended to release her right of dower she could have done so very directly and effectually, and shown her design to do so by joining in the mortgage and deed executed by her husband. Whether or not there is a merger, in many cases depends

upon the intention and the interest of the parties in whom the estate may merge ( *White* agt. *Leslie*, 54 *How.*, 394; *Judd* agt. *Seekins*, 62 *N. Y.*, 266). Clearly, no such intention can be inferred from the papers used upon this motion, which plainly show that it would be against her interest to allow that a merger should take place, and where she is not shown to have any knowledge of a deed which might work a merger. I am, therefore, decidedly of the opinion that there was no merger in this case, and Mrs. Green is still entitled to inchoate right of dower in the premises struck off to the respondent.

But if the case presented simply raised a doubt in regard to the title of plaintiff under the decisions in *Jordan* agt. *Poillon* (77 *N. Y.*, 518); *Fryss* agt. *Rockefeller* (63 *N. Y.*, 268), the respondent should not be compelled to complete the purchase in this case. He had a right, in the absence of some prior notice of defect, in a judicial sale, to expect a good title, and he will not be compelled to accept a deed which leaves him to the uncertainty of a doubtful title, or the hazard of a probable contest and litigation in regard to his title.

The motion should be denied, with costs.