## FOLLANSBEE *v.* FOLLANSBEE.

### ESTOPPEL; DOWER.

1. The relinquishment of an inchoate right of dower which a married
   woman makes by joining in a deed with her husband, can operate
   against her only by way of estoppel.
2. A married woman does not release her inchoate right of dower by join-
   ing with her husband in a deed of trust which secures the pay-
   ment of a fictitious debt, and which is executed by him for the
   purpose of defrauding his creditors, where her action does not
   prejudice or mislead any one dealing with the property.

No. 75.   Submitted September 22, 1893.—Decided November 6, 1893.

HEARING on appeal by the complainant from a decree of
an equity term of the Supreme Court of the District of Co-
lumbia, dismissing a bill for the vacation of certain deeds and
an assignment of dower in the property described in the
deeds.   *Reversed.*

THE COURT in its opinion stated the case as follows :

The bill in this case was filed by the appellant against the
appellees, to have certain deeds vacated as against herself,
and to have dower assigned in the property that was con-
veyed by those deeds.

The appellant is the widow of George Follansbee, de-
ceased, and it is alleged that George Follansbee, in his life-
time and during the coverture of the appellant with him, was
seized in fee simple of a certain piece of ground, with im-
provements thereon, situate in the city of Washington, and
described in the bill of complaint.   It appears that the hus-
band of the appellant, on the 20th of November, 1879, con-
veyed this piece of property to Jones and Ward, trustees, in
trust to secure James O. Carter the payment of an alleged
debt of $1,600.   The appellant joined with her husband in
the execution of the deed, to relinquish her potential right of
dower in the property.   The deed contains a power of sale
by the trustees upon default in payment of the alleged indebt-
edness.

It now appears that the recited consideration for this conveyance was all feigned and mere pretence; that the only money due from Follansbee, the grantor, to Carter, was the sum of fifty dollars, and that was paid within thirty days after the execution of the deed. The form of indebtedness devised was the passing of a note for $1,600, but which was soon after surrendered to the maker, with the indorsement of the payee, " without recourse." The whole transaction seems to have been a scheme by the husband to evade and cheat his creditors; but there is nothing to show that the wife in any manner instigated, or further participated in that scheme, than by simply signing and acknowledging the deed with her husband to the trustees.

After the death of George Follansbee, and, of course, without any default having been made in the payment of the falsely recited debt, it was arranged that the property should be sold by the trustees and that it should be bought in for the benefit of the family of the deceased grantor. Accordingly, a sale was so made, and the property was bought in by L. T. Follansbee, a brother of the deceased grantor, for the nominal consideration of $2,600, which was never paid, or intended to be paid; and he afterwards conveyed the property to the defendant Ourand in trust for the children and heirs-at-law of George Follansbee, deceased, who are also defendants herein.

*Mr. H. O. Claughton* for the appellant:

The wife by joining in the deed of trust conveyed nothing. The deed can only bind her by way of estoppel. To bind her by way of estoppel, the parties claiming by virtue of the estoppel must be those who claim under the deed, and must claim for a valuable consideration. The authorities are all agreed upon this point, and, indeed, reason, analogy and principle unite in support of the conclusion which has been reached. How can a wife by joining in a fraudulent deed of her husband, defraud the creditors of the husband? No creditor has any right to subject her dower right to the pay-

ment of his debt. Then how can the wife, by giving up that dower right to one creditor, defraud another? She takes nothing from him, hinders him not in claiming or enjoying anything that is his or that he has a right to have. Bump on Fraudulent Conveyances, 471; *Malloney* v. *Horan*, 49 N. Y., 111; *Parson* v. *Murray*, 3 Paige, 483; *Stinson* v. *Sumner*, 9 Mass., 143; Bigelow on Estoppel, 440, 441; *Woodworth* v. *Paige*, 5 Ohio St., 70. But, it is said, she does not come into equity with clean hands, because she has helped her husband to defraud his creditors. How? Her husband could have conveyed all that the creditors had a right to subject to the payment of their debts just as well without her joining in the deed. She in no way gave effect to the conveyance of her husband's interest in the property. Besides, by what rule of law was the wife ever made responsible for the fraud or tort of her husband, even when she actually aided in the commission of the same? The rule of law is that, even when the act is that of the wife, the fraud or tort is the husband's.

*Mr. W. Preston Williamson* for the appellees:

1. The question of the consideration does not affect the wife's release of dower in the absence of fraud *upon her*. Admitting that she did not take part in any fraud, and that no money was advanced upon the deed of trust, the fact remains that she voluntarily executed it in accordance with the requirements of law. At common law the wife has no dower in an equity of redemption. This is also the well settled rule of law in this jurisdiction. *Steele* v. *Carroll*, 12 Pet., 201; *VanNess* v. *Hyatt*, 13 Pet., 294; *Mayburry* v. *Brien*, 15 Pet., 21.

2. The appellant is estopped from asserting a claim to dower, in the face of her solemn deed releasing it. R. S. D. C., Sec. 452. *Farley* v. *Eller*, 29 Ind., 322; *Usher* v. *Richardson*, 29 Me., 415; *Stearns* v. *Swift*, 8 Pick., 532.

3. A condition of financial embarrassment, followed by a sham deed of trust, would seem to furnish strong grounds upon which to base fraudulent intent; and there seems to be

no doubt that the fraud was participated in by the wife, and colored the whole transaction. "No person can avoid his own deed by which an estate has passed, on the ground of his own fraud in executing it." *Roberts* v. *Roberts*, 2 B. & Ad., 367; *Barnes* v. *Gill*, 2 Ill. App., 129; *Rusk* v. *Fenton*, 14 Bust. Kan., 491.

4. Though the wife's interest in the husband's property during his life is inchoate and uncertain, it nevertheless has the elements of property, and it is of such a character that the wife may maintain during marriage an action for relief from fraudulent alienation by her husband. *Busenback* v. *Busenback*, 33 Kan., 572; *Jackson* v. *Edwards*, 7 Paige, 386; *Bullard* v. *Briggs*, 7 Pick., 533; *Reiff* v. *Horst*, 55 Md., 42.

5. It is not contended by defendants that the creditors of George Follansbee could have sold the complainant's dower interest. But she could have refused to sign the deed, thus protecting her interest, and avoiding taking part in a fraudulent act. Having joined her husband in the fraudulent deed of trust, she cannot now maintain a proceeding to have it set aside.

The CHIEF JUSTICE delivered the opinion of the Court:

The effect of the whole arrangement, as recited in the statement of the case, if the widow be barred by the deed of the 20th of November, 1879, is to strip her of her right of dower without consideration; and there is nothing in the case to show that any person who has dealt with the property or taken title under the deed of the 20th of November, 1879, has, in any manner, been prejudiced or misled by reason of the false recitals in that deed.

The deed of trust was apparently made as security for the payment of money by the husband, and was, therefore, in effect, nothing more than an ordinary mortgage, in which the wife joined as means of adding to the security. Her right of dower remained in the property, *subject to the mortgage,* until the debt, if any in fact, was paid; and it would have been her right, if the debt was real and actually due, to pay off the

debt, and thus procure the release of the incumbrance upon her dower interest. *Swaine* v. *Perine*, 5 Johns. Ch., 482, 494. Here, the debt that purported to be real and owing from the grantor, and to secure which the deed of trust was made, turns out to be feigned; and the apparent creditor, by the surrender to the debtor of the fictitious note, admitted that he had no longer any interest in or claim upon the deed of trust as security, and therefore the inchoate right of dower of the wife in the property was no longer bound. She was entitled to have that dower interest released, the same as she would have been entitled to have her inchoate right of dower released from an ordinary mortgage that had been discharged by payment or otherwise.

The relinquishment of an inchoate right of dower which a married woman makes by joining in a deed with her husband, can operate against her only by way of estoppel, and there is nothing shown in this case that, upon principle, ought to estop the appellant from asserting her right against the operation of the deed of trust of the 20th of November, 1879.

The principle and reasoning of the case of *Malloney* v. *Horan*, 49 N. Y., 111, would seem to be quite conclusive of this case. In that case it was held that dower was not barred by the wife's release, executed by joining in her husband's deed, which was afterwards set aside as fraudulent and void as against creditors. In the course of a well reasoned opinion, the Court of Appeals said: " That inasmuch as the release of dower, to be operative, must be in conjunction with a conveyance or other instrument which transfers a title to the real estate, it follows that if the conveyance or instrument is void, or ceases, for any reason, to operate, and no title has passed, or none remained, the release of dower does not, after that, operate against the wife, and she is again clothed with the right which she had released. Such is the familiar case of a wife joining with her husband in the execution of a mortgage, and thereby releasing her right of dower. On the satisfaction of the mortgage her right is restored.

And so when a deed has been executed by the husband with full covenants, in which the wife has joined, releasing her dower, and afterwards the grantee has sued for a breach of the covenants, and has recovered full damages, it has been held, the husband dying, that the widow has a right of dower in the premises. *Stinson* v. *Sumner*, 9 Mass., 143. The ground upon which that decision is placed comports with reason. It is, that the judgment in an action on the covenants in a deed goes upon the ground that nothing has passed by it to the grantee."

The same principle is fully adopted by the Supreme Court of the State of Ohio, in the case of *Woodworth* v. *Paige*, 5 Ohio St., 72, and in the more recent case in that State of *Ridgway* v. *Masting*, 23 Ohio St., 294.

Upon the whole, we are of opinion, that the appellant is entitled to a decree declaring the deed of trust of the 20th of November, 1879, to be without legal effect or operation to bar her of her right of dower in the premises therein mentioned and described; and that her right and title to dower in said premises shall, in all respects, be and remain as if said appellant had never joined in said deed; and that she is entitled to an assignment of dower, and to an account for rents and profits for the time that they have been wrongfully withheld from her. And that such decree may be passed, we shall *reverse the decree appealed from, with costs, and remand the cause to the court below.*