MARY E. JENKINS, Plaintiff, *v.* CHRISTOPHER C. MOLLEN-
HAUER, Receiver of the Real Property Formerly
Owned by JOHN G. JENKINS, Late of the County of
Nassau, Deceased, Defendant.

(Supreme Court, Kings County Trial Term, November, 1918.)

Dower — when wife may maintain action to admeasure her dower
against receiver appointed in judgment creditor's action —
judgments.

> Where in a judgment creditor's action instituted after the
> death of the judgment debtor a deed of trust of all his property
> is declared void as against his creditors, said judgment is not an
> adjudication upon his wife's right of dower though she joined
> in the deed.
>
> In such case, the wife may maintain an action to admeasure
> her dower against the receiver appointed in a judgment credi-
> tor's action though the judgment therein was not entered until
> more than a year after the death of her husband.

ACTION for the admeasurement of dower.

Slensby & Wolff (Joseph P. Slensby, of counsel), for
plaintiff.

Gilbert W. Roberts (Charles E. Kelley, of counsel),
for defendant.

CROPSEY, J. A jury was waived and all the facts
stipulated. The question is solely one of law. The
action is for admeasurement of dower. It is somewhat
unusual in its facts. The plaintiff joined her husband
in deeding all his property to trustees. The trust was
to pay the income to the husband during his life, then
to pay the income to the plaintiff during her life and
then to divide the property among the heirs at law of

the grantors.  The deed was dated November 1, 1907.
The plaintiff's husband died March 12, 1908.  After his
death some of his creditors instituted an action which
resulted in a judgment declaring the trust deed void
as against the creditors of the deceased and appoint-
ing the defendant receiver.  The judgment was entered
in 1915 and an amended judgment was entered in 1918.
In 1915 or 1916 this action was commenced.

This plaintiff was a defendant in the creditors' action
and defaulted.  But the judgment therein was not an
adjudication upon her right to dower.  That question
in fact was not decided nor was it necessarily involved,
and she is not barred from now asserting her claim.
*Malloney* v. *Horan,* 49 N. Y. 111, 115, 117.  Defendant's
brief concedes this.

Though the plaintiff released her dower by joining
with her husband in the trust deed, yet when that was
adjudged void as to his creditors, as to them the situa-
tion was the same as if she had never joined in the
deed.  As to the creditors the deed was set aside.  This
restored the plaintiff's dower right in the property
the same as if the property had been deeded back to
her husband.  So the plaintiff can assert her dower
claim against this defendant as though no trust deed
had been made.  *Malloney* v. *Horan,* 49 N. Y. 111, 117–
121, and cases cited.  Defendant's brief concedes the
plaintiff's claim cannot be defeated " by asserting that
she released her dower when she joined with her hus-
band in the fraudulent conveyance."

The sole contention of the defendant is that the plain-
tiff is barred from asserting her claim because she did
not do so within one year after the death of her hus-
band.  Claiming that the provision for the plaintiff in
the trust deed is a jointure or pecuniary provision
within section 199 of the Real Property Law, the
defendant asserts that she is declared to have elected

to accept it because she did not commence an action for her dower within one year after her husband's death as provided in section 201 of the Real Property Law.

Assuming that the provision for the plaintiff in the trust deed was intended to be in lieu of dower (*Matter of Gorden,* 172 N. Y. 25), the question remains whether notwithstanding that provision has been declared void, she cannot now have her dower because she did not sue within the year, although the trust provision was not adjudged invalid until more than a year after the death of her husband.

Section 199 treats of an '' election.'' The wife who has received a pecuniary provision in lieu of dower must choose whether to take that provision or her dower, '' but she is not entitled to both.'' The evident meaning of this section is that the wife should *receive* either the provision or the dower, that she should not receive both. It is not intended to deprive her of both. Where the provision in lieu of dower has entirely failed or been declared illegal, the widow may assert her claim for dower, although the year has expired. This is plainly stated in *Akin* v. *Kellogg,* 119 N. Y. 441, 450, a case which the court held came within the provisions of the statute as there were no such facts present as are in the instant case. The plaintiff has *received* nothing in lieu of her dower. She would have received something under the trust deed, but that has been declared void; and the property covered by it taken from the trustees and put into the possession of the defendant. She never elected to take nothing in lieu of her dower rights. As stated in the case just cited (p. 450): '' There must be a possibility for an election, or there is no election. An illegal or invalid provision gives nothing.''

The plaintiff's claim is not barred by the mere

2

lapse of time, nor would it be even had she acted as though she had no dower right. Where a widow assumed a provision for her in a will was in lieu of dower, though not so stated, and a portion of the estate was sold and the proceeds divided on that basis, the court held nevertheless she might assert her right to dower in the unsold property, although some years had elapsed since the death of the testator. *Roessle* v. *Roessle,* 163 App. Div. 344; affd., 223 N. Y. 552.

The provision of section 199 of the Real Property Law is a statute of limitations and no widow should be deprived of her dower under it unless she comes clearly within its terms. The courts guard the rights of dower jealously. The dowress is the " favorite of the law." *Matthews* v. *Duryee,* 4 Keyes, 525, 537.

In *Malloney* v. *Horan,* 49 N. Y. 111, the husband died more than a year before the action to admeasure dower was commenced. See Appeal Record — Court of Appeals Cases, vol. 57, Law Library. The forerunners of the present sections 199 and 201 of the Real Property Law were then contained in the Revised Statutes (1 R. S. pp. 741, 742 [pt. 2, chap. 1, tit. 3], §§ 12, 14) in substance the same as they now are. That case was similar in principle to the one at bar. And notwithstanding the statute and the lapse of time the Court of Appeals held the widow could enforce her right to dower.

Judgment for the plaintiff, with costs.