THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* PETER CLARK, JR., APPELLANT.

*Third cousins are related in the eighth degree — incompetent as jurors — Code of
Criminal Procedure, sec. 377.*

Third cousins are related in the eighth degree; and as consanguinity within the
    ninth degree is ground of challenge to a juror, a juror is not competent to sit
    upon a jury in a criminal case in which his third cousin is the complainant.

APPEAL by the defendant Peter Clark, Jr., from a judgment of the Washington County Court of Sessions, entered in the clerk's office of said county on the 13th day of April, 1891, affirming a judgment convicting him, upon the verdict of a jury in a Justice's Court, of selling intoxicating liquors without a license.

*A. D. Arnold*, for the appellant.

*Edgar Hull* and *W. Martin Jones*, for the respondent.

LEARNED, P. J.:

A juror when called was challenged for implied bias.   (Code of Criminal Procedure, § 377.)   Being sworn he testified that he was related to the complainant, but was not nearer than third or fourth cousin.

Consanguinity with the complainant within the ninth degree is a good ground for challenge.   The children of brothers and sisters are first cousins to each other, otherwise called cousins-german or

simply cousins. The children of first cousins are second cousins to each other. The children of second cousins are third cousins to each other. The child of a first cousin is a first cousin once removed to his father's (or mother's) cousin. So the child of a second cousin is a second cousin once removed to his father's (or mother's cousin). But the child of a first cousin is sometimes loosely called a second cousin to his father's (or mother's) cousin. This is accurately stated in the Century Dictionary *sub voce* cousin.

In the civil law first cousins were *consobrini consobrinæ*; second cousins, *sobrini sobrinæ*. (*Dirksen Manuale, Latinitatis Fontium*.) The son or daughter of a first cousin was *proprior sobrino, proprior sobrinæ*; nearer than a second cousin, the exact equivalent being a first cousin once removed. (Just. Inst. by Sanders, III, 6, 5.) Third cousins, then, have a common great great grandfather. The mode of computation of degrees used by the civilians, not by the canonists, is to count from one person up to the common ancestor and down to the other. Of course the person from whom the count begins is not counted, and he in whom it ends is. (See 2 Blackstone's Comm. p. 207, note 6, and table of consanguinity.) The rule given in section 46, Code of Civil Procedure, although differently expressed, is the same in result. It will be seen, therefore, that third cousins are in the eighth degree to each other. For although, as to inheritance, the common law adopted the rule of the canon law (2 Black. Comm.), yet the rule of the civilians prevailed in ecclesiastical law and in the matter of distribution of estates. (*Sweezey* v. *Willis*, 1 Bradf., 495.)

The judgment and conviction should be reversed.

LANDON, J.:

Concurring in the opinion of the presiding justice, I desire to add that the recent provision of the Code of Civil Procedure, prescribing the method of computing the degrees of consanguinity and affinity of judges and jurors in civil cases, sections 46, 1166, was doubtless intended to dispel an existing obscurity in that respect, and although it does not in terms apply to criminal cases, yet we may adopt a familiar rule applicable to remedial legislation and extend its provisions to like cases within its spirit and intention, although not strictly within its letter, and thus apply this method of computation

to criminal cases. In this view my brethren concur. The judgment must be reversed. We might order a new trial (Code of Criminal Procedure, §§ 764, 772), but we doubt whether it would be useful in this case.

MAYHAM, J., concurred.

Judgment and conviction reversed.