(49 Misc. Rep. 162)

TRAIN v. DAVIS .et al.

(Supreme Court, Special Term, New York County.  January, 1906.)

1. DEEDS—CONSTRUCTION—REMAINDERS—VESTED OR CONTINGENT.
    Land was conveyed to a father to hold in trust and pay the income to a daughter for life, and· then to the daughter's daughter for life, after which the property was to be sold and the proceeds divided among four other designated children of the trustee and the children of the first life beneficiary representing their mother.  It was further provided that, in case of the death of any of the four named children before that of the life beneficiaries, the heirs of the deceased child should take the parent's share per stirpes.  One of the four children did so die, leaving his father his only heir, and the father died before the death of the other life tenant.  *Held*, that remainders in the fund were contingent and not vested, and hence the brothers and sisters of the remainderman who died before the trustee were entitled to such remainderman's share of the fund, instead of the devisee under the last will of the father, who because of his previous death was not an heir of the remainderman at the time fixed for distribution.

2. SAME—REMAINDER—PERSONS DESIGNATED—"CHILDREN."
    The word "children," in the provision giving the second life tenant's children a fifth of the fund, could not be regarded as extending to grandchildren.

3. SAME—HEIRS.
    A grandson of the first life tenant was an heir of the child of the trustee, who predeceased the life tenants and was entitled to take his mother's fractional portion of the remainder, which descended to the heirs of the deceased remainderman.

4. DESCENT AND DISTRIBUTION—HEIRS—NEXT OF KIN.
    The term "heirs at law," when used with respect to personal property, may properly be regarded as meaning next of kin.

5. DEEDS—CONSTRUCTION—STATUTES APPLICABLE.
    Where a deed creating a trust established contingent remainders, and provided that at the time fixed for distribution of the trust fund the.heirs of any deceased remainderman should take his share, the question of who were to be regarded as heirs was to be determined by the statutes in force at the time of the distribution, and not those in force at the time the trust was created.   :

6. TRUSTS—PURPOSES FOR WHICH CREATED—STATUTE LIMITATION—POWER IN TRUST—RIGHTS OF REMAINDERMEN.
    Land was conveyed to a father to hold in trust and pay the income to a daughter for life, and then to the daughter's daughter for life, after which the property was to be sold and the proceeds divided among four other designated children of the trustee and the children of the first life beneficiary representing their mother.  It was further provided, in case of the death of any of the four named children before that of the life beneficiaries, that the heirs of the deceased child should take its parent's share per stirpes.  One of the four children did so die, leaving his father his only heir, and the father died before the death of the other life tenant.  *Held*, that the trust was an express trust, within Real Property Law, Laws 1896, p. 571, c. 547, § 76, and that on the death of the life tenants the property passed to the remaindermen, subject to the execution of the power to sell and distribute.

7. SAME—APPLICATION OF STATUTE.
    The provision of the statute of uses and trusts that every valid express trust shall vest the whole estate in a trustee is limited to the trust estate, and has no application to future legal estates in lands covered by the trust to take effect in· possession on the termination of the trust.

8. CONVERSION—RECONVERSION.

Where a deed creating a trust in land for the lives of two beneficiaries provided that after their death the trustees should sell the land and divide the proceeds among certain named remaindermen, the bringing of an action for partition by all the parties interested, after the death of the life beneficiaries, authorized the court to treat the property as real estate, and to enter a judgment for the sale and partition thereof.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Conversion, §§ 66–69.]

9. GUARDIAN AND WARD—AUTHORITY OF GUARDIAN.

Where, under the terms of a trust deed, an infant was entitled to share in the proceeds of trust property, which the trustees were authorized to sell, the guardian ad litem and testamentary guardian of the infant had power, with the approval of the court, to file for the infant an election to join in an action of partition and to treat the property as real estate.

10. TRUSTS—EXECUTION—SUBSTITUTED TRUSTEE.

Where a trust deed authorized the trustees, upon the death of the persons entitled to the income for life, to sell the property and distribute the proceeds among certain persons, who at the time fixed for distribution elected to treat the property as real estate, it is not necessary for the court to appoint a trustee to execute the power of sale.

11. SAME—EXECUTION OF POWER—AUTHORITY OF COURT.

Where trustees were given power to dispose of real estate which remained unexecuted at the time the trustees died, the court had the power, without the appointment of a substituted trustee, to execute the power.

12. PARTITION—INCIDENTAL RELIEF—IMPROVEMENTS—COMPENSATION.

Land was conveyed in trust to pay the income to certain persons for life, and after their death to be sold and the proceeds to be distributed. The trustee died before one of the life tenants did, and thereafter the surviving life tenant executed a lease; both she and the lessee believing at the time that she would be appointed substituted trustee. Before being so appointed she died. *Held* that, upon partition of the property among the persons then entitled thereto, the lessee was not entitled to be compensated for improvements made by him upon the premises.

13. SAME—ASSUMPTION OF LEASE.

Land was conveyed in trust to pay the income to certain persons for life, but after their death to be sold and the proceeds to be distributed. The trustees died before one of the life tenants did, and thereafter the surviving life tenant executed a lease; both she and the lessee believing at the time that she would be appointed substituted trustee. Before being so appointed she died. *Held*, that the action of a receiver, appointed in partition proceedings, in receiving rent from the lessee, did not amount to an assumption by the remaindermen of the lease executed by the life tenant.

Action by Eliza Willing Train against Elizabeth G. Davis and others. Judgment for plaintiff.

Holt & Gaillard, for plaintiff.

Carter, Ledyard & Milburn, for defendant Wetmore.

Moffat & Webb, for defendant Scotti.

Philo P. Safford, for defendant Charles C. Davis.

Geo. W. Van Slyke, for defendant Hollister.

Richard A. Irving, guardian ad litem of infant defendant Gulager.

O'GORMAN, J. The action is brought for the sale and partition of real estate. With the exception of a question as to the extent of the share of one of the tenants in common, dependent upon a disputed construction of the instrument, the owners are all in accord, and unite

98 N.Y.S.—52

in the plaintiff's prayer for a sale and distribution. The only party who opposes the maintenance of the action is the defendant Wetmore, who is occupying the premises under a lease made with a deceased life tenant. He claims that the title to the property is now in the Supreme Court, owing to the death of the trustees, and that the only remedy of the parties in interest is to procure the appointment of a substituted trustee in an appropriate proceeding brought for that purpose; that in this case, where a sale was directed, the persons beneficially interested cannot take the land by election; and that, in any event, the infancy of one of the beneficiaries, and consequent incapacity to elect, is an insuperable bar to a reconversion. The rights of the parties are derived through a deed dated October 18, 1862, which conveyed the land in question to one George T. M. Davis and another, in trust, to apply the income to the use of Willie Davis Train, the daughter of George T. M. Davis, during her life, and thereafter to the use of her daughter Susan during her life, and, upon the death of the life beneficiaries, "to sell the same and to divide the proceeds" equally between the following named children of the said George T. M. Davis, share and share alike, to wit, James Webb Davis, Carey H. H. Davis, Emma Josephine Learned, wife of Parker Crawford Learned, and George T. M. Davis, Jr., and the children of the said Willie Davis Train, said children of Willie Davis Train to have and receive only one equal fifth part of said proceeds and avails of said sale, to be divided between them, share and share alike, so that, in such distribution of such proceeds and avails of said sale, the said children of said Willie Davis Train shall represent her, the said Willie Davis Train; and, in case of the decease of any or either of the above named four children of said George T. M. Davis before the death of both the said Willie Davis Train and Susan Minerva Train, then the heirs at law of such deceased child shall receive the share of such proceeds and avails of sale to which such deceased child would have been entitled if living, such heirs at law to take per stirpes and not per capita. George T. M. Davis, Jr., died before the termination of the life estates. His only heir surviving him was his father, George T. M. Davis, one of the trustees, who with his co-trustee died several years before the death of his granddaughter, Susan, the second life tenant, whose death occurred on April 5, 1904, a short time before the commencement of this action.

The first question presented is whether the grantors intended to create vested remainders in the children of George T. M. Davis at the date of the execution of the conveyance. It will be perceived that there is no direct devise or gift of the principal of the trust estate. There are no words or provisions which import a present or vested gift, or indicate such an interest. There is merely a direction to divide and distribute the proceeds at the end of two life estates, which brings the case within the rule that, where the only gift is in the direction to pay or distribute, futurity is annexed to the gift, and the remainder is contingent, not vested. Geisse v. Bunce, 23 App. Div. 289, 48 N. Y. Supp. 249; Vincent v. Newhouse, 83 N. Y. 511. It is claimed, however, that the postponement of the payment was for the purpose of letting in two intermediate estates, and that this rule is inapplicable; but, as was said in Dougherty v. Thompson, 167 N. Y. 485, 60 N. E. 764:

"In determining whether the future gift to a class is postponed to let in the intermediate estate, or in order ultimately to bestow the corpus or remainder upon persons who shall then be living to enjoy it, and cannot be ascertained at the testator's death, the testator's intention is as decisive as it is in other questions of construction."

The general rules of construction are not inflexible and must always. be subordinated to the primary canon of construction that the intent to be collected from the whole instrument is paramount. The scheme of the trust provisions discloses an intention to vest the title in the trustees during the lives of the two persons named, and to limit the gift over to the children of George T. M. Davis and the heirs of any deceased child, who should be alive upon the termination of the life estates. The language employed cannot be construed as a gift over previous to that time. It is expressly provided that, upon the death of Willie Train Davis and her daughter, Susan, there shall be a sale of the property, and that the children of Willie Davis Train shall receive one-fifth of the proceeds of the sale. The plain import of this language is that the children of Willie Davis Train then alive shall receive this share. The gift over could become operative only upon the death of Susan, and she cannot be included among the children who were to share in the distribution of the proceeds of the sale after her death. If it should be held that these remainders vested upon the delivery of the deed, the evident design of the creators of the trust would be defeated, and the estate of Susan would share, after her death, in the distribution which could not be effected while she lived.

The claim of a vested remainder is also negatived by the provision that, in the event of the death of either of the other four children of the trustee before the expiration of the life estates, the heirs of the persons so dying "shall receive the share of such proceeds to which such deceased child would have been entitled if living." The direction to sell the property worked a conversion, and the proceeds could not exist until the termination of the precedent estates. That was the time fixed for the distribution, and until then it would be impossible to. ascertain who would answer to the description of heirs at law of a deceased child. Matter of Baer, 147 N. Y. 348, 41 N. E. 702. When George T. M. Davis, Jr., died, his father, the trustee, was his sole heir at law; but the persons who were to succeed to this share were the persons who answered to this description at the termination of the life estates, when the distribution was to occur. They were his surviving brothers and sister and the living descendants of his deceased sister. The parties therefore who claim title to this share as devisees under the last will and testament of George T. M. Davis, Sr., must be excluded from participation in the property. The infant defendant, Gulager, is a grand · son of Willie Davis Train and cannot be included in the term her "children," as used in the trust deed. There are two children in existence who answer to the description, and the word cannot be extended to include a grandchild, as there is nothing in the deed indicating an intention to give the word other than its common and ordinary meaning. Matter of Truslow, 140 N. Y. 603, 35 N. E. 955. If the word "children" were held to embrace grandchildren, it would result, under the direction in the deed, that they share equally, in permitting grand-

children, however numerous, to take equally with children per capita and not per stirpes (Bisson v. West Shore R. R. Co., 143 N. Y. 128, 38 N. E. 104), a design which should not be imputed to the creators of the trust in the absence of direct and unequivocal language. But, while Willie Davis Train's one-fifth share of the property passes to her two surviving children who were alive at the time fixed for the sale and distribution, the infant defendant, as the heir of her daughter Susan M. Train Gulager, is one of those who answer the description of heirs of George T. M. Davis, Jr., and, in the division of the latter's share, he is entitled to his mother's one-third of her mother's fourth of the fifth of George T. M. Davis, Jr., which makes him the owner of an undivided one-sixtieth share in the property in suit.

It will be noted that the deed provides that, in case of the death of a child of the trustee, his share of the proceeds of the sale shall pass to his "heirs at law." The words "heirs at law," in their technical sense, relate to the right of succession to real estate; but, when erroneously used in connection with the succession to personal property, they will be construed as meaning next of kin or persons who would take under the statute of distribution. Tillman v. Davis, 95 N. Y. 17, 47 Am. Rep. 1; Woodward v. James, 115 N. Y. 346, 22 N. E. 150. At the time of the delivery of the deed, in 1862, the doctrine of representation under the statute of distribution did not apply to collaterals beyond brother's and sister's children, which would exclude the infant defendant from sharing in the portion intended for his mother's uncle, George T. M. Davis, Jr., as the infant is a sister's grandchild. Matter of Suckley's Estate, 11 Hun, 344. Chapter 367, p. 728, Laws 1903, however, amended subdivision 5 of section 2732 of the Code of Civil Procedure, to take effect September 1, 1903, by extending representation in the distribution of personal property to "descendants in whatever degree" of deceased brothers and sisters. The statute, as amended, would include the infant, and whoever fell within the class of a deceased child's next of kin at the termination of the life estates was within the general intention. Kemp v. New York Produce Exchange, 34 App. Div. 178, 54 N. Y. Supp. 678. Until that time the rights of the beneciaries were but contingent, not vested, and statutory enactments are inoperative only when they disturb vested rights.

The defendant Wetmore's objection to the maintenance of the action is untenable.

The trust created in the deed is defined in the classification of express trusts in section 76 of the real property law (Laws 1896, p. 571, c. 547), as:

"(3) To receive the rents and profits of real property, and apply them to the use of any person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto."

It will be observed that the direction to sell and distribute was no part of the express trust and was not a purpose for which a trust could be created under the provisions of the statute. Such a direction is but a mere power in trust, and, notwithstanding its existence, the land, upon the termination of the life estate, will descend to the remanidermen, subject to the execution of the power. The distinction between express

trusts and powers in trust is that in the former the trustee takes the legal title, which, however, does not pass to the trustee of the power. Fowler's Real Prop. Law (2d Ed.) §§ 76–81; Moore v. Appleby, 36 Hun, 368; affirmed 108 N. Y. 237, 15 N. E. 377; Cooke v. Platt, 98 N. Y. 38; Embury v. Sheldon, 68 N. Y. 227.

The provision of the statute of uses and trusts, declaring that every valid express trust shall vest the whole estate in the trustee, is, by settled construction, limited to the trust estate, and has no application to future legal estates in lands covered by the trust, to take effect in possession on the termination of the trust. The trustees had an estate during the lives of the two life beneficiaries, and it was this estate, and this only, which vested in the trustees. Losey v. Stanley, 147 N. Y. 568, 42 N. E. 8. While the language of the deed effected an equitable conversion as of the time fixed for the sale (Trowbridge v. Metcalf, 5 App. Div. 322, 39 N. Y. Supp. 241), the subsequent conduct of the parties worked a reconversion. Where land is directed to be turned into money under a power and paid over to designated persons, and these persons are of lawful age, and, upon the sale of the land, at once entitled to the money, they may elect to take the land, and when they have so elected, and the election has been made known, the power of the trustee for conversion ceases and becomes extinguished, and he cannot thereafter lawfully proceed to execute the power. This doctrine arises from the principle that equity will not compel the execution of a trust against the wishes of the persons beneficially interested. Mellen v. Mellen, 139 N. Y. 220, 34 N. E. 925. The prayer in this action for a partition of the real estate, in which all the parties join, is, apart from other circumstances, a sufficient election. Mellen v. Mellen, supra. As to the infant party, his guardian ad litem and testamentary guardian, with the sanction of the court hereby expressed, may file a formal election for him, if this has not already been done. McDonald v. O'Hara, 13 Misc. Rep. 527, 34 N. Y. Supp. 692; Id., 144 N. Y. 566, 39 N. E. 642.

The trustees never acted, and the life tenants enjoyed the property direct, as real estate, with the consent of all the persons in interest. The trustees are dead, and, as all the persons having an interest in the property are now before the court and unite in treating the property as real estate, a valid judgment may now be entered for the sale and partition of the same. The statutory provisions for the appointment of a trustee of an express trust apply also to trustees of powers in trust. (Greenland v. Waddell, 116 N. Y. 242, 22 N. E. 367, 15 Am. St. Rep. 400) and the court in this action could appoint a trustee to execute the power, as was done in Delaney v. McCormack, 88 N. Y. 174; but, as the election of the parties has defeated the power, this is quite unnecessary. Even if the power in trust were still in force, the appointment of a substituted trustee and his presence as a party would not be essential to give the court complete jurisdiction of the action. The Supreme Court has inherent power to execute a trust, and, in the absence of a trustee, it may take upon itself its execution. Kirk v. Kirk, 137 N. Y. 514, 33 N. E. 552.

The demand of the defendant Wetmore for compensation for alleged improvements made upon the premises cannot be entertained. When

he entered upon the premises he was aware of Mrs. Gulager's want of authority to execute a lease. She was not a trustee, and no authority was conferred upon her to demise the premises beyond the period of her life estate. With a view to securing her appointment as substituted trustee, she procured certain consents to her appointment, and the defendant Wetmore doubtless believed that her appointment would in due course be effected. Her death, however, ended the negotiations, and he can assert no valid claim, as lessee or otherwise, against the beneficial owners of the property. His agreement with Mrs. Gulager was effective, if at all, only as against her, personally, and became inoperative upon the termination of her life estate. The appointment of a receiver in this action, and his acceptance of rent from Wetmore, cannot be regarded as an assumption, by the owners of the property, of the agreement made with the deceased life tenant.

Judgment accordingly.