(164 App. Div. 809)

AHEARN v. BOWERY SAVINGS BANK et al.    (No. 6435.)

(Supreme Court, Appellate Division, First Department.  December 4, 1914.)

1. PLEADING (§ 343*)—ADMISSIONS—EFFECT.
    Where defendant was denied leave to make proof of her defense, the court's action cannot be justified, unless plaintiff was entitled to judgment on the pleadings.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

2. INFANTS (§ 95*)—ACTIONS—PLEADING—ADMISSIONS BY GUARDIAN AD LITEM—BINDING EFFECT.
    An admission made in a pleading filed on behalf of an infant by her guardian ad litem is not binding upon the infant.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 291; Dec. Dig. § 95.*]

3. BANKS AND BANKING (§ 124*)—DRAFTS—FUNDS IN BANK—TRANSFER OF OWNERSHIP.
    Where a depositor drew a draft for her balance, payable to defendant, and the bank paid the draft, by crediting it to defendant's account, defendant became vested with the absolute title to the funds.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 307; Dec. Dig. § 124.*]

4. INFANTS (§ 98*)—ACTIONS—ESTABLISHMENT OF TRUST—EVIDENCE.
    Plaintiff's intestate drew a draft for her balance in favor of an infant. The bank recognized the draft, and paid over the fund to the infant, who deposited it as trustee for the intestate.  Held that, in an action to recover the fund, the infant, having repudiated the trust agreement, not only was entitled to show that there was an absolute gift of the deposit to her, but the administrator must establish the creation of a valid trust.
    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 293; Dec. Dig. § 98.*]

Appeal from Special Term, New York County.

Action by David Ahearn, as administrator of Mary Ann Ahearn, deceased, against the Bowery Savings Bank and May Soper.  From a judgment for plaintiff, the last-named defendant appeals.  Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

W. F. McCormack, of New York City, for appellant.
Mann Trice, of New York City, for respondent.

DOWLING, J.  Appeal from a judgment determining that a deposit of $1,039.98 in the Bowery Savings Bank, standing to the credit of May Soper, as trustee, belonged to the estate of Mary Ann Ahearn, deceased, and that plaintiff, as administrator of such estate, was entitled to immediate possession and control of said deposit.  It appears that the intestate, Mary Ann Ahearn, had a deposit in the Bowery Savings Bank, which on March 27, 1913, amounted to $1,319.97.  On that date she signed and acknowledged a draft upon said bank, directing it to pay to May Soper, or bearer, the balance of said account.  Upon the production of said draft the bank opened a new account in the name of May Soper, in trust for Mary Ann Ahearn, and the signature card,

signed by May Soper upon the deposit in her account as trustee of the balance of $1,319.97, showed that she was a minor, being but 18 years of age. In the blank space required to be filled out for the opening of trust accounts, the words "Mary Ann Ahearn" were written in, as designating the cestui que trust, but where the signature of the beneficiary was required to be placed the signature was that of May Soper. Thereafter May Soper withdrew various sums of money from this account, leaving the balance which is now in question.

[1] It is the contention of the plaintiff that under these conditions title of the deceased in the funds was never divested; that the trust created in defendant Soper was a passive trust only, and was void. The trial court refused to allow any proof by defendant Soper that the decedent had made a valid gift of this fund to her. While the court denied a motion for judgment on the pleadings, in view of the record and the refusal to allow defendant Soper to make her proof of a gift when duly offered, this judgment can be sustained only if, upon the pleadings, the plaintiff was entitled to judgment. We think such was not the case.

[2] Plaintiff relies upon the admission contained in the answer of the defendant of the allegation of the complaint that the deceased "caused or permitted the moneys standing to her credit in the Bowery Savings Bank to be changed and credited to the account of May Soper, in trust for Mary Ann Ahearn." But the very answer containing such admission showed upon its face that the pleader was an infant, it being made on her behalf by her guardian ad litem and verified by him, and it has been held by this court that an admission made in a pleading is not binding upon an infant. Bates v. Virolet, 33 App. Div. 445, 53 N. Y. Supp. 893; Murphy v. Holmes, 87 App. Div. 370, 84 N. Y. Supp. 806.

[3, 4] All that the plaintiff proved was that the decedent had an account in the Bowery Savings Bank, that she duly executed a draft upon said bank for the payment of any balance in said account in favor of May Soper, bearer, and that such draft was recognized by the bank, which credited the funds at once to the new account of May Soper, in trust for Mary Ann Ahearn; the trustee being disclosed, by the very paper purporting to create a trust, to be an infant. While under some circumstances, as a matter of law, such a draft, even when not effectuated by the transfer of the money, will operate as an equitable assignment of the fund (Foley v. New York Savings Bank, 157 App. Div. 868, 142 N. Y. Supp. 822), in this case the bank recognized the draft and transferred the funds to a new account opened by the payee of the draft, the defendant Soper. The defendant Soper thus became vested with absolute title to the fund in question. Being the owner of the fund, and it being sought to attach a trust relationship to it under conditions which do not appear, May Soper, then and still being an infant, has repudiated and disavowed the trust sought to be attached to the fund so deposited, and claims the same as her own. Under these conditions, and in view of the pleadings, not only should the defendant Soper have been permitted to establish the absolute gift of the money to her, and her claim that such gift was an unqualified one, but it was incumbent upon the plaintiff, as well, to

establish the creation of a valid trust to be executed by the trustee, which he has failed to do.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.