In the Matter of the Petition of BADRY FARKOUH and Others, to Render and Settle Their Account as Executors of the Last Will and Testament of AZIZ FARKOUH, Deceased.

Surrogate's Court, Kings County, May 8, 1929.

Harry A. Gair, for the petitioners.

Dunn, Daly & Bain, for Title Guarantee and Trust Company, as general guardian of the property of Azize Klat Farkouh, an infant.

WINGATE, S. Two questions of testamentary construction are presented on the final accounting of the executor in this matter. Both concern the meaning to be attached to the bequest to " legal heirs " contained in the paragraph of testator's will, probated January 5, 1928, reading as follows:

" Sixth. If I leave no children or if all children shall die prior to their reaching their majority in that event, I give, devise and bequeathe the principal of the said trust funds to my legal heirs. I want my executors and trustees to understand, however, that the trust fund set aside for the benefit of my said beloved wife shall remain intact until the happening of her remarriage or until her death, and upon the happening of either of the said events and upon the death of my children prior to their reaching majority, as set forth in the first part of this paragraph, then and only then shall the principal of that trust fund be divided among legal heirs as stated in the first part of this paragraph."

Testator's widow elected to take her dower rights in preference to the provision made for her under the will. Testator left no surviving children, his nearest relatives being a mother, brother and sisters.

The first question to be determined is whether under the terms of the will the widow of testator is in the class of " legal heirs " referred to, the second being as to what other individuals are to be included in that designation.

It is, of course, fundamental that the aim of the court in construing a will is to determine testator's intention (Matter of Purdy, 133 Misc. 217; Matter of Phelps, Id. 450), and when this is ascertained it should be carried out unless contrary to law or public policy. (Matter of Hughes, 225 App. Div. 29.) The testamentary intent of the grantor is embodied in the will as an entirety and frequently the construction to be placed upon one clause will be clarified by the disposition effected in another. (Livingston v. Ward, 247 N. Y. 97.)

This last unquestioned principle is especially pertinent in the determination of the first question presented by the instant case. By the 3d paragraph of his will testator established a trust for his wife, the income from which was to be payable to her for life or

until her remarriage. By the succeeding paragraph this trust legacy was expressly stated to be in lieu of dower, and, finally, in the paragraph numbered "fifth," the testator provided for a remainder over on this trust fund upon the death or remarriage of his wife. It is reasonably apparent from these cumulative provisions, all evidencing like intention, that testator's purpose was to limit his wife's enjoyment of his estate to the trust under paragraph "third," which would result in a finding that it was not his intention to include her in the class of his "legal heirs" under paragraph "sixth."

What persons, then, did testator have in mind in his residuary bequest to his "legal heirs?" In determining this question, the court is limited to the words which the testator himself used in his will (*Matter of Durand*, 250 N. Y. 45), and his intent cannot be shown by other evidence unless it is offered for the purpose of explaining some latent ambiguity arising *dehors* the instrument as to the person or subject meant to be described or to rebut a resulting trust, or, under some authorities, where there is a patent ambiguity susceptible of resolution thereby. (*Matter of Kavanagh*, 133 Misc. 399.) None of these exceptions apply here. "Legal heirs" is a term of well-defined meaning, signifying, when applied to personal property, as in the instant case, the next of kin of the decedent. As was said by the Court of Appeals in *Tillman* v. *Davis* (95 N. Y. 17, 24, 25): "In this State it has uniformly been held, when the question has arisen for consideration in the courts so far as we are able to discover, that the word 'heirs' applied to succession of personal estate means next of kin, and that the words next of kin do not include a widow or a husband of an intestate." To the the same effect, see *Train* v. *Davis* (49 Misc. 162); *Matter of Allison* (53 id. 222); *Bayley* v. *Beekman* (62 id. 567; affd., 133 App. Div. 888).

"The term, 'next of kin,' includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of debts and expenses, other than a surviving husband or wife." (Surr. Ct. Act, § 314, subd. 12. See, also, Decedent Estate Law, §§ 134, 194, as added by Laws of 1920, chap. 919.)

In the present case, excluding the wife, the sole next of kin is the mother of decedent. (Decedent Estate Law, § 98, subd. 6, as amd. by Laws of 1921, chap. 126.)

It is, therefore, found that Saleema Farkouh, testator's mother, is entitled to receive the entire distributable balance in the hands of the executors.

Submit decree, on notice, accordingly.