In the Matter of the Estate of OBADIAH HARNED, Deceased.

Surrogate's Court, Kings County, December 3, 1930.

*Jacob Landy* and *Bernard Cahn,* for the petitioner.

*George Lambert* for Charles M. Hick, as administrator with the will annexed of Obadiah Harned, deceased.

*Hooley & Wilson,* for Arthur N. Smith, as administrator with the will annexed of Obadiah Harned, deceased.

*Maurice J. Moore* and *John Francis Moore,* for Harry M. Smith and Florence L. Fanning.

WINGATE, S.   Obadiah Harned died, a resident of Kings county, on November 6, 1903.   His will, which was dated the fifth of the previous June, was duly admitted to probate in this court on February 8, 1904.   The "fifth" item of this document read as follows: "I give, devise and bequeath all the rest, residue and remainder of my estate both real and personal to my son James M. Harned during his natural life.

"After his decease, I give, devise and bequeath the same to his next of kin living at the time of the decease of my said son."

James M. Harned, the life tenant, died on February 17, 1929, leaving no child or descendant, no parent, no brother or sister, or descendant of any deceased brother or sister.

The claimants to this fund are six in number, namely, two nephews of the life tenant's mother, two grandnephews and one grandniece of the life tenant's father, and the administrator of an alleged great aunt of the testator who is claimed to have been a half sister of his grandfather.   This putative great aunt survived the life tenant, dying on October 16, 1929.

The determination of the proper distributees involves a decision of four questions: *First,* as to whether Frances Ireland, the supposed great aunt, was, in fact, a half sister of James B. Harned, the life tenant's grandfather; *second,* whether the Statutes of Distribution in force at the time of the death of James M. Harned, the life tenant, govern the determination of the distributees under the will; *third,* the effect of the saving clause contained in section 2 of chapter 539 of the Laws of 1905 (p. 1208) and the similar provision in section 14 of chapter 240 of the Laws of 1909 (p. 380); and, *fourth,* as a result of the foregoing, the persons beneficially entitled to the remainder upon the termination of James M. Harned's life estate.   The first question is one of fact, the others of law.

On the issue of fact, the petitioner must be held to have established the relationship of Frances Ireland beyond any reasonable question on the proofs submitted, both by the testimony adduced and the exhibits introduced in evidence.   The testimony in opposition, on

the other hand, was entirely inconclusive and the exhibits substantially worthless from a probative standpoint.

Disregarding for the moment the effect of the saving clauses in the enactments of 1905 and 1909, there can be no question but that the beneficiaries of the testamentary gift contained in the 5th item of Obadiah Harned's will were determinable only on the death of James M. Harned.

" It is the general rule of construction that a future and contingent devise or bequest to a class takes effect on the happening of the contingency on which the limitation depends only in favor of those objects who at that time come within the description." (*Matter of Allen,* 151 N. Y. 243, 247.)  (See, also, *Bisson* v. *W. S. R. R. Co.,* 143 N. Y. 125, 130; *Salter* v. *Drowne,* 205 id. 204, 213; *Matter of Leonard,* 218 id. 513, 521; *Matter of Ackerman,* 137 Misc. 910, 915.)

It is further unquestionable that under ordinary circumstances the individuals composing the class of distributees embraced within the term " next of kin " would include those entitled under the provisions of law existing at the time of the death of James M. Harned " relating to the distribution of personal property, to share in the unbequeathed residue " of his assets other than his wife.  (Surr. Ct. Act, § 314, subd. 12; *Clark* v. *Cammann,* 160 N. Y. 315, 329; *Doane* v. *Mercantile Trust Co.,* Id. 494, 499; *McGillis* v. *McGillis,* 154 id. 532, 541; *Matter of Farkouh,* 134 Misc. 285.)

The respondents, however, contend that this usual rule is altered by reason of the saving clause enacted by section 2 of chapter 539 of the Laws of 1905, which was, in substance, continued in section 14 of chapter 240 of the Laws of 1909.  As previously existing (Laws of 1898, chap. 319), the applicable section of the Statute of Distribution read: " Representation shall be admitted among collaterals in the same manner as allowed by law in reference to real estate."

The change of 1905 read: " No representation shall be admitted among collaterals after brothers and sisters descendants," the statute also providing: " This act shall not apply to an estate of a decedent who shall have died prior to the time this act shall take effect," which was on May 18, 1905.

The 1909 amendment read: " No representation shall be admitted among collaterals after brothers and sisters descendants.  This subdivision shall not apply to the estate of a decedent who shall have died prior to May eighteenth, nineteen hundred and five."

Some of the respondents urge with considerable force and great earnestness that the proper construction of these clauses is to make applicable to the case at bar the rule of descent in force prior to their enactment and urge upon this court the propriety of adopting

a rule in conflict with the four-square decision of Surrogate FOLEY in *Matter of Canfield* (136 Misc. 551). This court would, in the ordinary case, feel inclined to attach great weight to the determinations of the eminent and learned surrogate of New York county. In the present instance, however, the possibility of a different conclusion is foreclosed by reason of the unanimous affirmance in this case by the Appellate Division for the First Department (231 App. Div. 708), which is absolutely binding here in the absence of a contrary decision by the Court of Appeals or of the Appellate Division of this department.

Since the Statutes of Distribution (Dec. Est. Law, § 98) do not expressly regulate the devolution of property to persons whose relationship is as remote as those found in the instant case, the next of kin of James M. Harned are to be determined by the usual rule of civil and ecclesiastical law (*Sweezy* v. *Willis*, 1 Bradf. 495, 498, 499; *Hurtin* v. *Proal*, 3 id. 414; *People* v. *Clark*, 62 Hun, 84, 85; Jessup-Redf. Surr. Prac. [1930] §§ 1199, 1200) by starting at the person from whom devolution is claimed and counting upward to the common ancestor and then downward again to the claimant.

When computed in this way, it is found that Frances Ireland, Charles M. Hick and J. Paul Hick are each four steps removed, and that Arthur N. Smith, Harry M. Smith and Florence L. Fanning are each five steps distant from the decedent. The first three named are, therefore, entitled in equal shares to distribution of the remainder following the life estate of James M. Harned under the " 5th " item of the will of Obadiah Harned.

The petitioner is, therefore, entitled to the relief for which he prays.

Enter decree on notice accordingly.