GRACE R. CROWE, Plaintiff, *v.* THE FORT GREENE NATIONAL BANK IN NEW YORK and Others, Defendants.

Supreme Court, Trial Term, Kings County, March 4, 1938.

*Gifford, Woody, Carter & Hays* [*Joshua D. Jones* of counsel], for the plaintiff.

*Murray M. Cowen*, for the defendant The Fort Greene National Bank in New York.

MAY, J. The court is constrained to give judgment herein for the plaintiff. Having been a minor at the time of the execution of the mortgage and of the conveyance mentioned in the complaint, she was incapable of releasing her dower rights in the real property of her deceased husband. (*Sanford* v. *McLean*, 3 Paige, 117; *Bool* v. *Mix*, 17 Wend. 119.) The mortgagee and grantee were chargeable with knowledge of her infancy and dealt with her, under the circumstances, at their peril. The fact that the mortgage and the deed may have been given for full consideration is immaterial, plaintiff's inchoate right of dower having already attached to the property and being superior to the rights of her husband's creditors (*Matthews* v. *Duryea*, 45 Barb. 69); nor is the defense that plaintiff in the proceedings for the probate of her husband's will was repre-

sented by a special guardian who made no objection to such probate and is thereby claimed to have exercised for the infant an election, a valid contention in my opinion. The defense is based upon a negative rather than any affirmative act on the part of such special guardian, and it does not appear that either the infant or special guardian gave any consideration, specifically, to the question of an election. Furthermore, the guardian was without power to bind the infant in this respect without the consent of the court. (*Chipman* v. *Montgomery*, 63 N. Y. 221; *Train* v. *Davis*, 49 Misc. 162; *Litchfield* v. *Burwell*, 5 How. Pr. 341; *Bowers* v. *Smith*, 10 Paige, 193; *Ahearn* v. *Bowery Savings Bank*, 164 App. Div. 809; *James* v. *James*, 4 Paige, 115; *Wright* v. *Miller*, 1 Sandf. Ch. 103; affd., 8 N. Y. 9.)

Plaintiff being still, in legal contemplation, an infant at the time of probate, was without capacity to elect without the consent of the court. (31 C. J. 1004, and authorities cited.) Upon the very day of attaining her majority, she notified both mortgagee and grantee of her repudiation of the instruments in question. It further appears that the husband died insolvent, so that an election to take under the will, even if validly exercised, would still have been, under the circumstances, ineffective. (*Akin* v. *Kellogg*, 119 N. Y. 441; *Jenkins* v. *Mollenhauer*, 105 Misc. 15.) Judgment accordingly.