■ ALFRED J. HASENBEIN, Respondent, v MURIEL SIEBERT, as Superintendent of Banks of the State of New York, et al., Appellants. — In an action to declare section 397 (subd 2, par [b], cl [3]) of the Banking Law unconstitutional and to permanently enjoin defendants from directing and/or requiring the removal of plaintiff as a director of Cross County Savings and Loan Association, defendants appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Zelman, J.), dated November 10, 1980, which (1) granted plaintiff's motion for summary judgment, (2) denied defendants' cross motion to dismiss the complaint, (3) declared that section 397 (subd 2, par [b], cl [3]) of the Banking Law, insofar as it prohibited the spouse of a niece of a director of a savings and loan association from serving as a director of such association, was unconstitutional upon the ground that it violated plaintiff's right to equal protection and due process of law and (4) ordered that plaintiff be reinstated to the board of directors of the Cross County Savings and Loan Association, forthwith. Order and judgment reversed, on the law, without costs or disbursements, plaintiff's motion for summary judgment is denied, defendants' cross motion for summary judgment is granted, section 397 (subd 2, par [b], cl [3]) of the Banking Law, insofar as it prohibits the spouse of a niece of a director of a savings and loan association from serving as a director of such association, is declared constitutional, and the complaint is otherwise dismissed. In October, 1979 plaintiff, who was married to the niece of a director of the Cross County Savings and Loan Association (hereinafter Cross County), was elected as a director of the same institution. In April or May of 1980, he was removed by

the board of directors pursuant to a directive issued by the State of New York Banking Department. The directive stated that plaintiff's election as a director of Cross County was in violation of section 397 (subd 2, par [b], cl [3]) of the Banking Law. The plaintiff commenced the instant action for a declaratory judgment and injunctive relief, challenging the constitutionality of section 397 (subd 2, par [b], cl [3]) of the Banking Law insofar as it prohibited a spouse of a niece or nephew of a director of a savings and loan association from serving as a director of such association. Deciding the case on the basis of motions made by both sides, Special Term declared section 397 (subd 2, par [b], cl [3]) unconstitutional because it violated plaintiff's right of equal protection and due process of law and ordered his reinstatement *(Hasenbein v Siebert,* 106 Misc 2d 94). The issues on this appeal by the defendants are not only their claim of constitutionality, but also plaintiff's current argument that the appeal is moot because Cross County has become a Federally chartered institution and is no longer subject to the State statute in question. In our view, the appeal should not be disposed of on mootness considerations. "[A] novel [and important] question is presented that is likely to recur" (cf. *Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 33 NY2d 298, 300), and we should not hesitate to give guidance to those who may be affected in the future — particularly since Special Term's decision may mislead those researching the issue. Section 397 (subd 2, par [b], cl [3]) of the Banking Law provides, in pertinent part, that an individual is not eligible to be a director of a savings and loan association if he is related to another director of the same institution as specifically delineated in the statute. One of the proscribed relationships is a nephew-in-law (spouse of a niece) of a director. The purpose of the clause in question, which was added to section 397 in 1971 (L 1971, ch 171, § 3), was "[t]o reduce the incidence of nepotism in mutual savings institutions." Such practice had created "significant adverse publicity to and criticism of the mutual savings industry" (see Memorandum of State Banking Department, NY Legis Ann, 1971, p 110). The parties agree that the purpose of the clause in question — elimination of nepotism — constitutes a legitimate State purpose, but plaintiff argues that the statute is overly broad and therefore constitutes an arbitrary and unreasonable exercise of the State's police power which violates his equal protection and due process rights since the forbidden relationship is neither one of blood nor marriage. We disagree. The challenged relationship is one that exists by reason of a marital relationship. Plaintiff is related by affinity (marriage) within the third degree of his wife's uncle, who is a director of Cross County (see *Paddock v Wells,* 2 Barb Ch 331; see, also, *People v Clark,* 62 Hun 84; 2A CJS, Affinity, pp 513-515). Further, the challenged classification does not fail under an equal protection analysis for plaintiff has not shown that the classification in the statute "rests on grounds wholly irrelevant to the achievement of the State's objective" *(McGowan v Maryland,* 366 US 420, 425). The provisions of section 397 (subd 2, par [b], cl [3]) do not involve a suspect classification (cf. *New Orleans v Dukes,* 427 US 297, 303), nor do they infringe on the fundamental personal right of freedom to marry (cf. *Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.,* 51 NY2d 506, 513-514). The challenged classification also does not involve an unreasonable governmental interference in the right of an individual to follow his chosen profession. As noted by defendants, at most an individual is prevented from serving as a director of a particular institution. Special Term's conclusion that the Legislature could have enacted a less restrictive statute in order to achieve its purpose must be rejected. "States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude" *(New Orleans v Dukes, supra,* p

303). The Legislature has decided that in order to effectively deal with the problem of nepotism, the challenged relationship, which is one of affinity within the third degree, is sufficiently close to be proscribed and Special Term may not substitute its opinion for that of the Legislature. Moreover, the challenged classification does not violate plaintiff's due process rights (see *Minnesota v Clover Leaf Creamery Co.,* 449 US 456, 470, n 12, 101 S Ct 715, 727, n 12). Since we find a rational basis for the enactment of the section and the inclusion of the challenged relationship in question and that it constitutes a valid exercise of the State's police power transgressing no constitutional restriction, there should be a reversal and a declaration that the challenged provision is constitutional. Lazer, J. P., Gibbons and Margett, JJ., concur.

Mangano, J., dissents and votes to dismiss the appeal on the ground that the issues raised are academic because the Cross County Savings and Loan Association has become a Federally chartered institution and is no longer subject to the State statute in question. [106 Misc 2d 94.]